UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PATSY'S BRAND, INC.,

                Plaintiff,

    v.

I.O.B. REALTY, INC., PATSY'S INC., FRANK
BRIJA, JOHN BRECEVICH, and NICK
TSOULOS,

                Defendants.
---------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/20
```

99-CV-10175 (KMW)
**ORDER**

KIMBA M. WOOD, United States District Judge:

      Plaintiffs have moved on an emergency basis to quash subpoenas directed to non-party AT&T. (ECF No. 286.) Because the limited discovery period in this matter is closed, Plaintiffs' motion is GRANTED. Plaintiffs' request that the Court award attorneys' fees and costs associated with the filing of this motion, pursuant to Rule 37(a)(5)(A)(ii) of the Federal Rules of Civil Procedure. The Court defers ruling on this application. The Court will address all issues related to attorneys' fees after rendering a decision on the underlying contempt allegations.

      During a hearing in this matter on October 30, 2019, the Court granted Plaintiffs' request to propound a small number of interrogatories and discovery requests. (Tr. 104:19-25; ECF No. 238.) The Court ordered Defendants to respond on an expedited basis, because the requests related to "ground that everyone has plowed over very carefully." (Tr. 107:1-2.) On December 3, 2019, the Court directed Defendants to take certain steps to cure deficiencies in the discovery produced pursuant to the Court's October 30, 2019 Order. (ECF No. 243.)

      No other discovery has occurred, and none is warranted. This matter is paused mid-hearing in a post-judgment contempt posture. The issues facing the Court are the subject of extensive written direct testimony and, were it not for unforeseen delay caused by the COVID-19

pandemic, the Court would have already received all evidence necessary for their resolution. Defendants' pending subpoenas fall outside the very narrow scope and time period allowed for discovery.  *See Agapito v. AHDS Bagel, LLC*, No. 16-CV-8170, 2018 U.S. Dist. LEXIS 83403, at *4 n.1 (S.D.N.Y. May 17, 2018) (Oetken, J,) (granting plaintiffs' motion to quash subpoenas for bank records and stating that timeliness forms an independent basis to grant a motion to quash, "regardless of whether Plaintiffs would have standing to challenge the subpoenas if they had been issued in a timely manner"); *In re GM LLC Ignition Switch Litig.*, No. 14-MD-254, 2016 U.S. Dist. LEXIS 63189, at *372-74 (S.D.N.Y. May 11, 2016) (Furman, J.) (quashing untimely subpoena for cellphone records).  Accordingly, the Court hereby quashes Defendants' subpoenas.

Dated: New York, New York
       April 20, 2020                               /s/ Kimba M. Wood
                                                    KIMBA M. WOOD
                                                    United States District Judge