UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PATSY'S BRAND, INC.,

                Plaintiff,

   v.

I.O.B. REALTY, INC., PATSY'S INC., FRANK
BRIJA, JOHN BRECEVICH, and NICK
TSOULOS,

                Defendants.
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 3, 2020

99-CV-10175 (KMW)
**ORDER**

KIMBA M. WOOD, United States District Judge:

     Defendants have filed a letter seeking the Court's view as to whether a proposed label complies with the terms of the longstanding trademark injunction in this case. Defendants have not formally initiated a declaratory judgment action, nor moved for relief from the underlying injunction under Rule 60(b) or another provision of the Federal Rules of Civil Procedure. The Court understands Defendants' submission as a request for an advisory opinion, which the Court is constitutionally prohibited from rendering. *See Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 595 (2d Cir. 1996); *Windsurfing International, Inc. v. AMF, Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987) (Courts lack authority to issue advisory opinions in response to a party's position that "We would like to use the mark, but before we do, we want a court to say we may do so safely.").

     In response to Defendant's letter, Plaintiff states that it opposes the use of the proposed label but is "sensitive to the current public health crisis and the impact it has had on all businesses in this state and across the country." In this spirit, and in the interest of efficiency, the parties are strongly encouraged to reach an agreement in this dispute without the Court's intervention. Before either party files a motion or other request for relief related to Defendants' proposed label, the filing party shall certify by affidavit that the parties conferred and made

2

good-faith efforts to arrive at a resolution, and that these efforts deteriorated to such a degree that communication and reasonable compromise are no longer feasible.

Dated: New York, New York
      June 3, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge