| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>----------------------------------------------------------X<br>PATSY'S BRAND, INC.,<br><br>                             Plaintiff,<br>     v.<br><br>I.O.B. REALTY, INC., PATSY'S INC.,<br>FRANK BRIJA, JOHN BRECEVICH, and<br>NICK TSOULOS,<br><br>                             Defendants.<br>----------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: July 24, 2020<br><br>99-CV-10175 (KMW)<br>**OPINION AND ORDER** |

KIMBA M. WOOD, United States District Judge:

       Defendants have moved to clarify and modify the longstanding trademark injunction in this case.  (ECF No. 297.)  The rancorous tenor of the present dispute belies a minor and mundane issue concerning the permissible size of certain text on labels Defendants wish to use for their packaged products.  Specifically, Defendants seek the Court's confirmation that they may identify their goods as originating from "Patsy's Pizzeria" in type that is equal in size to other text on their labels without offending the injunction's requirement that such an identification constitute only a "minor component of the labeling."  In addition to their request to clarify the permissible size of the identification *relative* to the other elements of the label, Defendants seek to alter the injunction to allow the identification to exceed 10-point type.  Defendants argue that this relief is necessary in light of hardships they are suffering due to the COVID-19 pandemic.

       The trademark injunction is detailed and straightforward, and it does not prevent Defendants from adapting their business to meet the challenges of the COVID-19 pandemic.  Defendants have not articulated an adequate basis for clarifying or modifying the injunction.  For the reasons set forth below, Defendants' motion is DENIED.

1

**BACKGROUND**

The history of this case is set out at length in previous decisions, including the decision of the Court of Appeals for the Second Circuit in 2003 and this Court's decision in 2006. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 212–15 (2d Cir. 2003); (2006 Opinion and Order at 2–9, ECF No. 176.) Relevant background is briefly restated here.

A. The Injunction

This case emerges from a long and ever-expanding feud between two restaurants in New York City: "Patsy's Italian Restaurant," owned by Plaintiff Patsy's Brand, Inc., and "Patsy's Pizzeria," owned by Defendant I.O.B. Realty. Plaintiff Patsy's Brand Inc. has a trademark for a stylized "Patsy's" logo, which it has used on its jarred sauces since 1994.

In 1999, Plaintiff sued Defendants for trademark infringement after Defendants began distributing their own jarred sauces. This Court granted Plaintiff's motion for summary judgment and denied Defendants' cross-motion. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-CV-10175, 2001 U.S. Dist. LEXIS 1625, at *42 (S.D.N.Y. Feb. 21, 2001) (Martin, J.). The Court permanently enjoined Defendants from "manufacturing, importing, distributing, advertising, promoting, selling, or offering for sale to the consuming public sauces or other packaged food products bearing plaintiff's trademark PATSY's or plaintiff's trade dress . . . or any colorable variations thereof or any confusingly similar trademark or trade dress." (ECF No. 82.) Finding that Defendants acted in bad faith in the course of the litigation, the Court ordered them to pay Plaintiff's attorneys' fees and costs. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-CV-10175, 2001 U.S. Dist. LEXIS 15555, at *2-3 (S.D.N.Y. Oct. 1, 2001) (Martin, J.) The Court also held Defendant Isa "Frank" Brija in contempt for committing perjury and fraud and sanctioned one of Defendants' attorneys. *Id.* at *4, 8.

In August of 2002, the Court found that Defendants had willfully violated the injunction; the Court held Defendants in contempt, awarded Plaintiff attorneys' fees and treble compensatory damages, issued a coercive fine, and warned that the fine would increase tenfold for a future violation. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-CV-10175, 2002 U.S. Dist. LEXIS 16066, at *7-9 (S.D.N.Y. Aug. 27, 2002) (Martin, J.).

In January of 2003, the Second Circuit affirmed the injunction in substantial part, while introducing a minor modification. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 220 (2d Cir. 2003). The Second Circuit determined that Defendants were entitled to include on their product labels a "modestly sized identification" that the product comes from an establishment that operates as "Patsy's Pizzeria." *Id.* That identification "must not exceed 10-point type, must be a minor component of the labeling, must use the name 'Patsy's Pizzeria' in full with the lettering of both words in the same size and font, must not use a font that is similar to that used by the Plaintiff, and must use the name only to identify the maker or distributor of the product." *Id* at 220–221. This language is at the center of the present dispute.

B. 2006 Litigation

In 2006, Defendants sought to modify the injunction under Rule 60(b) of the Federal Rules of Civil Procedure. (2006 Opinion and Order at 10.) Defendants wished to add a provision that would allow them to use a "Patsy's Pizzeria" trademark on fresh and frozen prepared pizzas to be sold wholesale. They submitted a proposed modification to the Court. (*Id.*) The Court asked in response how the conduct that would be permissible under Defendants' proposed modification would differ from the conduct allowed under the existing injunction language. (*Id.* at n. 8.) Defendants answered, in relevant part, that the modification would authorize them to use the name "Patsy's Pizzeria" in type larger than 10-point. (*Id.*) In other

3

words, Defendants sought in 2006 much the same result they seek again here. The Court denied Defendants Rule 60(b) motion in 2006 as untimely and unjustified. (*Id.* at 24.)

C. 2019–2020 Contempt Litigation

Roughly one year ago, Plaintiff moved to hold Defendants in contempt for violating the injunction. (ECF No. 183.) The Court conducted evidentiary hearings on October 30, 2019 and December 12, 2019. Continued evidentiary hearings were scheduled for March 16, 19, and 20, 2020 but, due to the COVID-19 pandemic, the Court adjourned those hearings. Litigation related to Plaintiff's contempt motion remains suspended mid-hearing and will resume when it is safe and practicable to entertain live courtroom proceedings.

D. Present Litigation to Clarify and Modify the Injunction

On June 2, 2020, Defendants filed a letting seeking the Court's view as to whether a proposed "bullseye"-style label ("the Proposed Bullseye Label") would comply with the terms of the trademark injunction:



(ECF No. 293.) Plaintiff objected that Defendants' request was procedurally improper. Plaintiff also argued, on the merits, that the proposed label violated the injunction: the identification reading "MADE BY PATSY'S PIZZERIA" was not "equal to or less than 10-point type" or "a minor component of the labeling," as the injunction requires. (ECF No. 294.)

4

The Court denied Defendants' invitation to issue an advisory opinion on the appropriateness of the Proposed Bullseye Label.  (ECF No. 295.)  Recognizing that the dispute was minor, and crediting the parties' avowed sensitivity to the unique challenges facing restaurant businesses amidst the COVID-19 pandemic, the Court strongly encouraged the parties to resolve the matter without the Court's intervention.  (*Id.*).  The Court issued an Order directing that, before either party filed a motion or other request for relief related to Defendants' proposed label, the filing party certify by affidavit that the parties conferred and made good-faith efforts to arrive at a resolution, and that those efforts deteriorated to such a degree that communication and reasonable compromise were no longer feasible.  (*Id.*)

Fifteen days later, on June 18, 2020, Defendants filed the present motion seeking to clarify and modify the injunction to allow Defendants to use the same Proposed Bullseye Label that was the subject of their June 2, 2020 request.  (Defendants' Memorandum of Law in Support of Motion to Clarify and/or to Modify the Injunction ("Defs. Mem.") at 9, ECF No. 297.)  On July 2, 2020, Plaintiff filed a brief in opposition.  ("Pl. Opp'n," ECF No. 302.)  In lieu of a reply, Defendants submitted an affidavit by Defendant Brija.  (ECF No. 304.)

## LEGAL STANDARDS

District courts have discretion to clarify permanent injunctions.  *See A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp. 2d 328, 334 (S.D.N.Y. 2001) (Leisure, J.).  "Clarifications of orders previously issued, which may be obtained on motion or made *sua sponte* by the court, add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous."  *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984).

District courts also have the authority to modify permanent injunctions. As relevant here, a court may modify an injunction under Rule 60(b)(5) of the Federal Rules of Civil Procedure where "applying it prospectively is no longer equitable" or under Rule 60(b)(6)'s "catchall" provision "for any other reason that justifies relief."

Relief under Rule 60(b)(5) is appropriate when the movant can show "a significant change either in factual conditions or in law" that renders the underlying order inequitable. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992). Changes that may warrant relief include those that make compliance with the order "substantially more onerous," "unworkable because of unforeseen obstacles," or "detrimental to the public interest." *Id.* Changed circumstances that make compliance merely inconvenient will not suffice. *Id.* at 383. The movant also bears the burden of demonstrating that "the proposed modification is suitably tailored to the changed circumstances." *Id.*

Relief under Rule 60(b)(6)'s catchall provision is appropriate when "extraordinary circumstances" justify relief or the judgment risks working "an extreme and undue hardship." *Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986). The provision is properly invoked only if "the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986).

A Rule 60(b) motion filed pursuant to either subsection (5) or (6)—or both—must be made "within a reasonable time." To determine whether a Rule 60(b) motion is timely, a court "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983).

6

**DISCUSSION**

I.       There is No Need to Clarify the Permanent Injunction

Defendants request that the Court clarify the portion of the permanent injunction that permits them to include on their product labels an identification that the product comes from "Patsy's Pizzeria" so long as that identification constitutes "a minor component of the labeling." Defendants argue—and seek the Court's agreement—that they may, within the bounds of the injunction, display the words "Made by Patsy's Pizzeria" on their labels in the same size type as other elements of the label. They move to clarify that the injunction's "minor component" requirement is sensitive to factors including the placement and prominence of the identification. Defendants make no effort to conceal that, by seeking this clarification, they wish the Court to bless the Proposed Bullseye Label.

The injunction is clear; indeed, it is unusually detailed, down to the identification's maximum allowable type size. The injunction has operated for seventeen years without any apparent need, until now, for clarification. The Court declines Defendants' invitation to "clarify" the injunction by passing judgment on the propriety of the Proposed Bullseye Label.

Instead, it will suffice to make two observations. First, the injunction speaks for itself, and speaks plainly, on the subject of the parties' quarrel. The injunction does not state that an identification must be smaller than other text in order to constitute a minor component of a label. From this silence it is evident that the injunction imposes no categorical rule as to the identification's permissible size relative to other elements of the label. And it demands not "clarification" but common sense to confirm that the placement, prominence, and style of an identification are relevant to whether the identification meets the definition of a minor component.

Second, "an injunction impose[s] a heavier burden on an infringing party with a redesigned mark than is imposed on a newcomer with a similar mark." *Wella Corp. v. Wella Graphics, Inc.*, 37 F.3d 46, 48 (2d Cir. 1994). Thus, a party subject to an injunction has a "duty to keep a safe distance from the line drawn by the district court's injunction." *Oral-B Labs., Inc. v. Mi-Lor Corp.*, 810 F.2d 20, 24 (2d Cir. 1987). Even if the Proposed Bullseye Label complies with the strict letter of the injunction, Defendants may be well served by pursuing designs that do not give rise to close questions of interpretation.

The injunction needs no clarification. Whether Defendants can bring the Proposed Bullseye Label to market without stirring allegations of contempt, and who might prevail if Plaintiff brought suit, are not issues for the Court to decide today.

II.     Defendants Fail to Justify Modifying the Permanent Injunction

Separate from their request to clarify the permissible size of the identification *relative to the other components of the label*, Defendants seek to modify the injunction to allow the identification to exceed 10-point type. The injunction states, as it has for seventeen years, that identifications "must not exceed 10-point type." According to Defendants, this requirement is no longer equitable, and Defendants should be permitted to affix to larger packages proportionately larger identifications.

Defendants claim that this modification is warranted under Rule 6(b)(5) in light of the changed circumstances brought about by the COVID-19 pandemic. But Defendants fail to demonstrate a credible nexus between the COVID-19 pandemic and the modification they seek.

As an initial matter, it appears likely that Defendants are wielding the COVID-19 pandemic as a pretext for their attempt to do away with a rule they have long found inconvenient. The pandemic is new, but Defendants' desire to expand their packaged food business, and to

eliminate the injunction's type-size restriction to further that end, is not.  In 2006, Defendants argued that the injunction was no longer equitable because it hindered their ability to "follow the natural progression of [their] business . . . and expand to sales of wholesale pizza ingredients." (2006 Opinion and Order at 12 (quoting 2006 Defs. Mem. at 19).)  They sought a modification because the 10-point type rule "severely limit[ed] the recognizability" of their brand.  (*Id.* at n. 8. (quoting 2006 Defs. Mem. at 7).)  The Court denied the motion.  (2006 Opinion and Order at 24.)  Here, too, Defendants express their goal of "transitioning to packaged food," and seek to modify the injunction's 10-point type rule so that they can "inform consumers, in legible font, that their packaged food products are 'Made by Patsy's Pizzeria.'" (Defs. Mem. at 12.)  In other words, the pandemic seems to serve, for Defendants, as a novel hook for achieving an old objective.  This conclusion is buttressed by the fact that Defendants request not a limited modification for the duration of the pandemic, but an indefinite one.

But even if the COVID-19 pandemic was the genuine, and not pretextual, reason for modifying the injunction's type-size restriction, Defendants fail to demonstrate that the modification is properly tailored to reducing the hardships associated with the pandemic.  The injunction's type-size restriction does not prevent Defendants from transitioning to packaged food sales, as they claim they must in order to stay afloat.  Defendants are, and always have been, free to sell packaged food, so long as their labels comply with the terms of the injunction. Defendants argue that if they cannot identify their products as "Made by Patsy's Pizzeria" in sufficiently large type, customers will be "unlikely to trust" that the products "come from the same establishment that owns the PATSY'S PIZZERIA restaurants."  (Defs. Mem. at 6–7, 12.) But Defendants admit that they "will sell their products through their own restaurants."  (*Id.* at 13.)  Thus, the fact that the products come from Patsy's Pizzeria restaurants will be

9

unmistakable.  The notion that the injunction's type-size restriction leaves Defendants "without the ability to alter their business to meet customer needs in a pandemic" is specious and hyperbolic.  (*Id.* at 12.)  That the injunction prevents Defendants from selling packaged food in the manner they consider ideal—that is, with an identification in larger than 10-point type—does not render it so onerous, unworkable, or otherwise inequitable in the context of the COVID-19 pandemic as to merit modification.

Defendants do not assert a basis for relief under subsection (6) of Rule 60(b) that is separate from the basis they assert under subsection (5), nor do they set forth "extraordinary circumstances" justifying relief apart from the same injuries of which they have complained since at least 2006.  These failures are fatal to their claim under Rule 60(b)(6).  *See Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016).

## CONCLUSION

For the foregoing reasons, Defendants' motion to clarify and modify the permanent injunction is denied.

SO ORDERED.

Dated: New York, New York

July 24, 2020                                         /s/ Kimba M. Wood
                                                                          KIMBA M. WOOD
                                                           United States District Judge