| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>--------------------------------------------------------X<br>PATSY'S BRAND, INC.,<br><br>                          Plaintiff,<br><br>           -against-<br><br>I.O.B. REALTY, INC., PATSY'S INC.,<br>FRANK BRIJA, JOHN BRECEVICH, and<br>NICK TSOULOS,<br><br>                         Defendants.<br>--------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: May 18, 2021<br><br><br>99-CV-10175 (KMW)<br><br>**<u>ORDER</u>** |

KIMBA M. WOOD, United States District Judge:

The Court is in receipt of Plaintiff's and Defendants' exhibits for the May 24-27, 2021 hearing and is troubled by the high volume of irrelevant evidence the parties seek to introduce. To facilitate the efficient use of time during the hearing, the Court brings the following to the parties' attention:

- The Court will hear *only* testimony relating to reliance on advice of counsel as it relates to damages and sanctions, and liability.

- The *only* labels that the Court is currently considering are:

    1. The label on the **jarred sauces** in the October 30, 2018 social media posts. (Scognamillo Decl. ¶ 30, Figures 10, 11, ECF No. 184.)

        *Specifically, the Court is interested in the following*:

        A. Whether the label on the jarred sauces that was posted to social media on October 30, 2018 is the same label as the pizza pouch label that Mr. Brija sent to Mr. Grandinetti and Ms. Stempien Coyle via text message on July 30, 2018, and that Mr. Grandinetti and Ms. Stempien Coyle approved (Stempien Coyle Decl. Ex. F at 2-3, ECF No. 282.).

B. Whether Mr. Grandinetti approved the above-referenced label on the jarred sauces. If so, on what date? What was the basis for the advice?

C. Whether Ms. Stempien Coyle approved the label on the jarred sauces. If so, on what date? What was the basis for the advice?

2. The label on the **pizza pouch** in the March 28, 2019 social media posts. (Scognamillo Decl. ¶ 26, Figures 7, 9.)

   *Specifically, the Court is interested in the following*:

   A. Whether the label on the pizza pouch image that was posted to social media on March 28, 2019 is the same label as the pizza pouch label that Mr. Brija sent to Mr. Grandinetti and Ms. Stempien Coyle via text message on July 30, 2018, and that Mr. Grandinetti and Ms. Stempien Coyle approved (Stempien Coyle Decl. Ex. F at 2-3.).

   B. Whether Mr. Grandinetti approved the label on the pizza pouch image that was posted on social media. If so, on what date? What was the basis for the advice?

   C. Whether Ms. Stempien Coyle approved the label on the pizza pouch image that was posted on social media. If so, on what date? What was the basis for the advice?

3. The label on the **vacuum-sealed pizza** that Defendants delivered to Plaintiff on October 3, 2018. (Scognamillo Decl. ¶ 12, Figure 2.)

   *Specifically, the Court is interested in the following*:

   A. Whether Mr. Grandinetti approved the label on that vacuum-sealed pizza. If so, on what date? What was the basis for the advice?

B. Whether Ms. Stempien Coyle approved the label on that vacuum-sealed pizza. If so, on what date? What was the basis for the advice?
  C. Whether Mr. Grandinetti had knowledge of or approved of Mr. Brija's decision to send that vacuum-sealed pizza to Plaintiff. If so, what was the basis for the advice?
  D. Whether Ms. Stempien Coyle had knowledge of or approved of Mr. Brija's decision to send that vacuum-sealed pizza to Plaintiff. If so, what was the basis for the advice?
4. The **label that was attached to the November 14, 2017 email** from Mr. Adem Brija to Mr. Grandinetti and Mr. Frank Brija titled "Frozen Pizza." (Document 8012 of Defendants' supplemental discovery production, ECF No. 261-1 at 12.) *Specifically, the Court is interested in the following*:
   A. Whether Mr. Grandinetti approved the label that was attached to the November 14, 2017 email. If so, on what date? What was the basis for the advice?
   B. Whether Ms. Stempien Coyle approved the label that was attached to the November 14, 2017 email. If so, on what date? What was the basis for the advice?

- The Court is *not* interested in the following:
  1. Testimony about the history and development of Defendants' composite mark and prototypes that are not directly related to any of the four aforementioned labels.
  2. Testimony relating to Defendants' "double P" or "PP" mark (U.S. Trademark Registration Number 4,498,311) within the larger labels.
  3. Testimony related to other litigation, e.g., the Eastern District of New York case

that involved Judge Reyes and the Special Master whom Judge Reyes appointed, and the Southern District of New York case that involved Judge Stanton.

4. Testimony related to Defendants' international business endeavors or trademarks.

5. Testimony relating to Defendants' promotion with JetBlue.

In light of the fact that the witnesses are hostile, the Court permits Plaintiff's counsel latitude to ask leading questions.

As the Court stated in its April 24, 2021 Order, absent extraordinary good cause, the Court will not adjourn the evidentiary hearing again, and the hearing will be complete by May 27, 2021 at the latest. The Court hereby sets the following briefing schedule:

- Briefing on whether advice of counsel is applicable to the issue of liability and, if so, upon what advice Defendants rely.
    - Defendants' opening brief is due one week after the last day of the hearing.
    - Plaintiff's response is due two weeks later.
    - Defendants' reply is due one week later.
- Briefing on damages and potential sanctions.
    - Plaintiff's opening brief is due one week after the last day of the hearing.
    - Defendants' response is due two weeks later.
    - Plaintiff's reply is due one week later.

SO ORDERED.

Dated: New York, New York
May 18, 2021

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge