UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

PATSY'S BRAND, INC.,

                          Plaintiff,

        v.

I.O.B. REALTY, INC., PATSY'S INC.,
FRANK BRIJA, JOHN BRECEVICH, and
NICK TSOULOS,

                          Defendants.

-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____4/6/2022_____

99-CV-10175 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

        In its August 5, 2021 Opinion and Order holding Defendants I.O.B. Realty, Inc. and Isa

"Frank" Brija ("Defendants") and their former trademark counsel Paul Grandinetti and Rebecca

Stempien Coyle ("Former Counsel") in contempt of court, the Court found that Plaintiff Patsy's

Brand, Inc. was entitled to the reasonable attorneys' fees and costs incurred in bringing and

litigating the motion for contempt.  (Op. at 39, ECF No. 382.)[1]  The Order specified that

Defendants would reimburse Plaintiff one half of those fees and costs and Former Counsel would

reimburse Plaintiff the other half.  Plaintiff then submitted to the Court documentation of its

attorneys' fees and costs and a brief in support of its requested award.  (Mem., ECF No. 383.)

Defendants and Former Counsel responded in opposition.  (ECF Nos. 386, 387.)  Having

considered the parties' submissions, the Court awards Plaintiff $269,262.30 in reasonable

attorneys' fee and $15,274.42 in costs, for a total of $284,536.72.

---

[1] This opinion presumes familiarity with the history of proceedings in this case, which is set forth in the Court's
August 5, 2021 Order.

## LEGAL STANDARD

District courts "enjoy considerable discretion in determining the appropriate amount of attorney fees." *Weitzman v. Stein*, 98 F.3d 717, 720 (2d Cir. 1996). The exercise of this discretion is guided by the framework set forth by the U.S. Supreme Court and Second Circuit. A court must begin by calculating the "lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case," which constitutes "a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). A court may adjust the presumptively reasonable value upward or downward only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). In making these calculations, "trial courts need not, and indeed should not, become green-eyeshade accountants" and should seek "to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## DISCUSSION

### I.      Attorneys' Fees

Plaintiff seeks attorneys' fees for work completed by four legal professionals from the law firm Mandelbaum Salsburg, P.C. ("Mandelbaum"): partner Joel G. MacMull, then-partner Ronald D. Coleman, counsel Brian M. Block, and paralegal Alexa Tierney. The determination of the reasonable hourly rate and the number of hours reasonably expended is necessarily a case-specific inquiry that incorporates factors such as the novelty and complexity of the questions

presented by a case and the experience and reputation of counsel.[2]  Put simply, though, the lodestar value "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted).

### A.  Reasonable Hourly Rate

A reasonable hourly rate is the "'prevailing market rate,' i.e., the rate 'prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 208 (2d Cir. 2005) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  In addition to the evidentiary submissions and affidavits presented by a party seeking fees, a reviewing court may also take "judicial notice of the rates awarded in prior cases and [rely on] the court's own familiarity with the rates prevailing in the district" when assessing the reasonable rate.  *Id.* at 209.  In cases with private counsel, the rates actually billed to the client are a significant factor in this assessment, but not a controlling one.  *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001).

---

[2] The determination of the reasonable hourly rate and the number of hours reasonably expended largely subsumes consideration of the so-named "*Johnson* factors" that were first set forth by the Fifth Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  The *Johnson* factors have regularly been applied by courts within the Second Circuit.  They are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  *Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019) (quoting *Arbor Hill*, 522 F.3d at 186).

       *i.   Mr. MacMull & Mr. Coleman*

Plaintiff seeks reimbursement at rates of $460 per hour for work completed by Mr.

MacMull and $476 per hour for work completed by Mr. Coleman.  (MacMull Decl. ¶¶ 6, 14,

ECF No. 383-1.)[3]  MacMull is a partner in Mandelbaum's Litigation Department and the chair of

its Intellectual Property and Brand Management Practice Group who, as of 2021, had sixteen

years of legal experience that substantially focused on patent, trademark, and other forms of

intellectual property law.  (*Id.* ¶ 4.)  Coleman is a former partner and former co-chair of

Mandelbaum's Intellectual Property and Brand Management Practice Group who had thirty

years of legal experience during the relevant time period, largely focused on intellectual property

law.  (*Id.* ¶ 12.)

       The hourly rates sought for both MacMull and Coleman are well within the range of

prevailing market rates for intellectual property litigation in the Southern District of New York.

This Court held eight years ago that rates of $485 per hour and $570 per hour were reasonable

for partners with fifteen and sixteen years of legal experience who specialized in trademark and

copyright law.  *Broad. Music, Inc. v. PAMDH Enters., Inc.*, No. 13-CV-2255, 2014 WL

2781846, at *6–7 (S.D.N.Y. June 19, 2014) (Wood, J.) (collecting decisions that approved rates

ranging from $400 to $735 per hour for attorneys of similar qualifications and skill); *Sub-Zero,

Inc. v. Sub Zero NY Refrigeration & Appliances Servs., Inc.*, No. 13-CV-2548, 2014 WL

1303434, at *8 (S.D.N.Y. Apr. 1, 2014) (Wood, J.).[4]  The rates awarded to lawyers from small or

mid-sized firms often shade somewhat lower, but the rates sought for MacMull and Coleman

---

[3] Plaintiff's counsel represent that these and all other hourly rates Mandelbaum charged Patsy's Brand, Inc. reflect a "courtesy discount" of twenty percent from each timekeeper's ordinary rate.  (*See, e.g.*, MacMull Decl. ¶ 6.)

[4] After accounting for inflation, a range of $400 to $735 in April 2014 dollars equates to $478.70 to $879.61 in February 2022 dollars, the most recent month for which data is available.  *See CPI Inflation Calculator*, U.S. Bureau of Lab. Stat., https://www.bls.gov/data/inflation_calculator.htm.

remain comfortably within the prevailing range.  *See Barcroft Media, Ltd. v. Fashion In Me Inc.*, No. 16-CV-7574, 2018 WL 4565889, at *5 (S.D.N.Y. June 5, 2018) (Freeman, M.J.) (collecting decisions that approved rates of $425 to $570 per hour for trademark and copyright work by partners in smaller firms), *report and recommendation adopted*, 2018 WL 4568727 (S.D.N.Y. July 25, 2018) (Schofield, J.).  Furthermore, counsel from Mandelbaum demonstrated a high level of skill throughout the contempt proceedings, performing admirably in the face of the numerous factual and legal red herrings raised by their adversaries.  The Court adopts as reasonable Plaintiff's requested rates of $460 per hour for Mr. MacMull and $476 per hour for Mr. Coleman.

### ii.  Mr. Block

Plaintiff seeks reimbursement for the work completed by Mr. Block at rates of $280 per hour billed in 2019, $312 per hour billed in 2020, and $340 per hour billed in 2021.  (MacMull Decl. ¶ 10.)  Block began the period with the title of associate and was elevated to counsel in 2021, at which point he had seven years of legal experience.  (*Id.* ¶ 8.)  Plaintiff's counsel does not attest that Block had any particular experience in trademark or other areas of intellectual property law when he began his work on this case.

The rates requested for Mr. Block are within the prevailing range of market rates in this district.  "With respect to associates' rates, courts in the Southern District have generally found hourly rates of $200 to $450 to be reasonable in copyright cases."  *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, No. 13-CV-1526, 2020 WL 2848232, at *7 (S.D.N.Y. June 1, 2020) (Sullivan, J.).  The instances in which courts have lowered the requested rate in intellectual property cases for associates or counsel with levels of experience similar to that of Mr. Block appear to be exceptional.  *See, e.g.*, *McGlynn v. Cools, Inc.*, No. 19-CV-3520, 2020 WL 6561658, at *10–11 (S.D.N.Y. July 1, 2020) (Freeman, M.J.) (lowering rate to $275 per hour for

attorney with five years of experience whom judges have labeled a "copyright troll" with the "dubious distinction of being one of the most frequently sanctioned lawyers, if not the most frequently sanctioned lawyer, in the [Southern] District" (internal quotation marks omitted)), *report and recommendation adopted*, 2020 WL 5525745 (S.D.N.Y. Sept. 15, 2020) (Daniels, J.). The Court adopts as reasonable the rates requested for Mr. Block's work: $280 per hour for 2019, $312 per hour for 2020, and $340 per hour for 2021.

       *iii.  Ms. Tierney*

       Plaintiff seeks reimbursement for the hours worked by Ms. Tierney at rates of $212 per hour in 2019 and $224 per hour in 2021.  Tierney earned a degree in paralegal studies and had ten years of experience as a paralegal by the end of the relevant period, although Plaintiff's counsel does not attest to her having particular qualifications or skills with respect to intellectual property work.  (*See* MacMull Decl. ¶ 16.)

       The rates sought for Tierney's work exceed the hourly rates typically approved as reasonable for paralegal work in intellectual property cases in the Southern District.  *See Hughes v. Benjamin*, No. 17-CV-6493, 2020 WL 4500181, at *6 (S.D.N.Y. Aug. 5, 2020) (Sullivan, J.) ("[C]ourts in this district have generally found hourly rates of $150 to $200 to be reasonable for paralegals in copyright cases.").  It is also fairly common for courts to reduce requested rates for paralegals' work to significantly lower values, particularly when the party seeking fees does not substantiate a higher requested rate.  *See Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-CV-1254, 2019 WL 5693374, at *2 (S.D.N.Y. Nov. 4, 2019) (Wang, M.J.) (lowering paralegal's rate to $75 per hour in motion for sanctions when "Defendants' counsel ha[d] failed to proffer any support for the hourly rate of $250"); *see also S.H. v. New York City Dep't of Educ.*, No. 21-CV-4967, 2022 WL 254070, at *6 (S.D.N.Y. Jan. 26, 2022) (Liman, J.) (lowering requested hourly rate in public-education case to $125 for experienced paralegals, and $100 for

paralegals with less experience).  The Court finds that the reasonable hourly rate for Ms. Tierney is $175 per hour.

### B. Hours Reasonably Expended

Plaintiff seeks reimbursement for 712.6 hours of work executed in connection to the motion for contempt.[5]  As supported by contemporaneous invoices, the hours Plaintiff's counsel billed their client in this case break down as follows: preparation and briefing of the motion for contempt—90.2 hours from June to September 2019; preparation for and appearances at seven days of evidentiary hearings, which were interrupted due to the onset of the COVID-19 pandemic, as well as responses to issues arising from discovery disputes—486.1 hours from October 2019 to May 2021; preparation of post-hearing memoranda—106.3 hours from June 2, 2021 to August 5, 2021; and submission of documentation and briefing in support of this application for attorneys' fees and costs—61.9 hours from August 8, 2021 to September 16, 2021.  Plaintiff seeks reimbursement for only 30 of the 61.9 hours spent in connection with this application for fees.  (*See* Mem. at 13.)

Only those hours reasonably expended by counsel are incorporated into the calculation of the lodestar value.  *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012).  A court should "exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims" but may award fees "for unsuccessful claims as well as successful ones . . . where they are 'inextricably intertwined' and 'involve a common core of facts or are based on related legal theories.'"  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (quoting *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996)).

---

[5] The number of hours said to be expended varies across Plaintiff's briefing, Plaintiff's declarations, and the invoices attached as exhibits to Plaintiff's declarations.  The Court uses in its analysis the number of hours Mandelbaum billed to Plaintiff according to contemporaneous invoices.  (MacMull Decl., Ex. 1, ECF No. 383-2; MacMull Reply Decl., Exs. 10–11, ECF Nos. 392-11, 392-12.)

The hours expended by Plaintiff's counsel were generally reasonable in light of the obstructive opposition that they faced. Defendants' scorched-earth approach to this litigation compelled Plaintiff's counsel repeatedly to uncover additional sets of supporting facts to counter the shifting arguments and testimony of Defendants and their witnesses. The number of hours reasonably necessary for Plaintiff's counsel to litigate this case increased substantially as a result. Plaintiff achieved a high degree of success on its motion, vindicating its contention that Defendants' conduct violated the injunction protecting Plaintiff's trademark. While Plaintiff did not ultimately establish liability for eight of the thirteen instances of allegedly infringing conduct, the unsuccessful claims presented close questions that were factually and legally intertwined with those posed by the successful claims. All of the claims were sufficiently related, and the resulting degree of success was sufficiently great, to make the hours expended on the case as a whole a proper basis for the fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Court includes in its award the requested compensation for counsel's time spent preparing Plaintiff's application for attorneys' fees and costs, sometimes labeled an award of "fees on fees." Although "courts in this Circuit have not been uniform in their allowance of 'fees on fees,'" *Comm'ns Imp. Exp. S.A. v. Republic of the Congo*, No. 19-MC-195, 2021 WL 4991716, at *7 (S.D.N.Y. Oct. 27, 2021) (Failla, J.), defense counsel's work pursuing attorneys' fees in this case was reasonable to undertake, and is compensable. Indeed, Plaintiff complied with an order of this Court when it prepared and submitted documentation to assist the Court in determining the appropriate amount of fees and costs to award.

Defendants and Former Counsel assert that the records of Plaintiff's counsel's time in this case exhibit "block-billing" that requires a reduction of the fee award. Block-billing is the

practice of recording multiple, heterogenous tasks together in a single time entry.  However, "[w]hile 'block-billing' is disfavored and may lack the specificity required for an award of attorneys' fees, it is 'not prohibited in this Circuit' as long as the Court can determine the reasonableness of the work performed." *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09-CV-4602, 2013 WL 6508813, at *11 (S.D.N.Y. Dec. 12, 2013) (Gardephe, J.) (quoting *Rodriguez ex rel. Kelly v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999) (Wood, J.)). With one exception, Mandelbaum's timekeeping is sufficiently detailed for the Court to conclude that the time spent was reasonable.

The exception relates to Mandelbaum's billing of hours spent on travel, which is problematic in two respects.  First, there are several instances of block-billed time entries that mix travel time with substantive work.[6]  The practice of courts in this Circuit is to approve compensation for travel time at half of a timekeeper's ordinary hourly rate.  *See K.F. v. New York City Dep't of Educ.*, No. 10-CV-5465, 2011 WL 3586142, at *6 (S.D.N.Y. Aug. 10, 2011) (Castel, J.).  Failing to distinguish time spent on travel (which may be compensated at half-rate) from time spent on substantive work (which may be compensated at full-rate) impairs the Court's ability to assess the reasonableness of the hours billed.  The Court will thus reduce the number of hours attributable to each timekeeper by 1.5 hours for each time entry that mixes travel and substantive work[7]—4.5 hours for MacMull and 1.5 hours for Block.  Second, several invoices contain travel-related entries that are marked as billable at half-rate, yet two invoices bill those hours at full-rate, regardless.  (*See* MacMull Decl., Ex. 1 at 14, 27–28, ECF No. 383-

---

[6] MacMull's time entries for October 23, 2019; December 12, 2019; and February 19, 2020 mix travel and substantive work.  (*See* MacMull Decl., Ex. 1 at 12, 21, 27.)  Block's time entry for December 12, 2019 exhibits the same flaw.  (*See id.* at 21.)

[7] This number reflects the typical time to complete a round trip to New York, per Mandelbaum's more granular time entries.  (*See, e.g.*, MacMull Decl., Ex. 1 at 14 (billing 3.0 hours for "Travel to and from evidentiary hearing")).

2.)  The Court will reduce the 3 hours for MacMull and 2.1 hours for Block that were billed at double the intended rate by 1.5 hours and 1.1 hours, respectively.  After making the aforementioned adjustments, the Court finds that the number of hours reasonably expended was 366.9 hours by Mr. MacMull, 8.75 hours by Mr. Coleman, 277.5 hours by Mr. Block,[8] and 47.1 hours by Ms. Tierney.

### C.  Attorneys' Fees Awarded

As shown below, multiplying the reasonable hourly rate for each Mandelbaum timekeeper by the number of hours he or she reasonably expended generates a lodestar value of $269,262.30.

| Timekeeper | Reasonable Hourly Rate | Hours Reasonably Expended | Fees Awarded |
|---|---|---|---|
| Joel G. MacMull | $460 | 366.90 | $168,774.00 |
| Ronald D. Coleman | $476 | 8.75 | $4,165.00 |
| Brian M. Block (2021) | $340 | 167.20 | $56,848.00 |
| Brian M. Block (2020) | $312 | 10.90 | $3,400.80 |
| Brian M. Block (2019) | $280 | 99.40 | $27,832.00 |
| Alexa Tierney | $175 | 47.10 | $8,242.50 |
| TOTAL | n/a | 700.25 | $269,262.30 |

This litigation is not among the rare cases in which it is appropriate to adjust the presumptively reasonable fee upward or downward based on factors that are not considered in calculation of the lodestar.  Defendants and Former Counsel each contend that they face financial hardship that merits a reduction of the Court's award of attorneys' fees.  A court awarding attorneys' fees to a party that successfully litigated a contempt motion must consider the contemnor's financial circumstances, *see Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992), but

---

[8] The reasonable hours attributable to Block must be distinguished by year: 167.2 in 2021, 10.9 in 2020, and 99.4 in 2019.

"defendants who seek a reduction in fees must be specific as to their ability to pay," *United States v. Hylton*, No. 3:11-CV-1543 JCH, 2013 WL 3927858, at *4 (D. Conn. July 26, 2013), *aff'd*, 590 F. App'x 13 (2d Cir. 2014).  Neither Defendants nor Former Counsel provide sufficient documentation of their overall financial circumstances to substantiate economic hardship that justifies a fee reduction.  Moreover, Plaintiff submitted to the Court public records indicating that Defendants have real estate holdings with a market value of more than $3.5 million, and none of those properties appears to be subject to a mortgage.  (MacMull Reply Decl. ¶ 15, ECF No. 392-1; *id.*, Exs. 8–9, ECF Nos. 392-9, 392-10); *cf. Nissim v. Kirsh*, No. 18-CV-11520, 2020 WL 3496988, at *5 (S.D.N.Y. June 29, 2020) (Carter, J.) (holding that an equitable reduction in awarded attorneys' fees and costs was not warranted when payor owned real property valued greatly in excess of the award).  The contemnors have not substantiated their claims of significant hardship.  Without cause to deviate from the presumptively reasonable fee, the Court awards Plaintiff $269,262.30 in attorneys' fees.

II.   **Costs**

Plaintiff also seeks an award of $15,274.42 for costs it incurred in litigating the motion to hold Defendants and Former Counsel in contempt.  Its requested costs are as follows:

- Legal Research (Westlaw): $6,106.32.
- Hearing Transcripts: $4,729.54.
- Trademark Investigation: $3,505.57.
- Shipping and Subpoena Service: $445.60.
- Preparation of Hearing Exhibits: $221.59.
- Certified NOAA Weather Report: $132.00.
- Travel and Parking: $81.00.
- PACER (Public Access to Court Electronic Records) Fees: $52.80.

(*See* MacMull Decl. ¶ 19; MacMull Reply Decl. ¶ 16.)

11

Awards of attorneys' fees "include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Only those costs necessary to the representation of a client and substantiated by the requesting party may be recovered. *See Hernandez v. JRPAC Inc.*, No. 14-CV-4176, 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017) (Engelmayer, J.); *Ibarra v. HSCS Corp.*, No. 10-CV-5109, 2012 WL 3964735, at *5 (S.D.N.Y. Sept. 10, 2012) (Forrest, J.).

In this case, all of the costs Plaintiff seeks to recover were reasonably necessary to counsel's representation. The categories of costs in question are regularly included as part of attorneys' fees awards in this Circuit. *See Inter-Am. Dev. Bank v. Venti S.A.*, No. 15-CV-4063, 2016 WL 642381, at *8 (S.D.N.Y. Feb. 17, 2016) (Engelmayer, J.) (legal research costs compensable if charged to the requesting party); *MSC Mediterranean Shipping Co. S.A. v. Airlift Marine Servs. PVT Ltd.*, No. 18-CV-10788, 2022 WL 123589, at *10 (S.D.N.Y. Jan. 13, 2022) (Cronan, J.) (transcript costs and travel expenses); *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 163 (E.D.N.Y. 2016) (trademark investigation fees); *Finch v. New York State Off. of Child. & Fam. Servs.*, 861 F. Supp. 2d 145, 157 (S.D.N.Y. 2012) (Scheindlin, J.) (mailing costs). Plaintiff has substantiated each charge with a receipt or a line item on a contemporaneous invoice it received from Mandelbaum. The Court accordingly will award Plaintiff its costs in full, a sum of $15,274.42.

## CONCLUSION

For the foregoing reasons, the Court awards Plaintiff its reasonable attorneys' fees of $269,262.30 and costs of $15,274.42, for a total award of $284,536.72. Defendants shall pay Plaintiff $142,268.36 by May 6, 2022, as one half of Plaintiff's reasonable attorneys' fees and costs. Former Counsel shall also pay Plaintiff $142,268.36 by May 6, 2022, as the other half of

Plaintiff's reasonable attorneys' fees and costs; Former Counsel are jointly and severally responsible for this payment.  Plaintiff shall certify in writing to the Court when it has received the required payments.  The Clerk of Court is respectfully directed to terminate all pending motions as moot and to close the case.

   SO ORDERED.

Dated: New York, New York
   April 6, 2022            _____/s/ Kimba M. Wood_____
                         KIMBA M. WOOD
                 United States District Judge

13