**MANDELBAUM BARRETT** PC
ATTORNEYS AT LAW

**Joel G. MacMull, Partner**

jmacmull@mblawfirm.com
973.295.3652 Direct

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600 Main
973.325.7467 Fax

570 Lexington Avenue, 21st Floor
New York, New York 10022
212.776.1834 Main
www.mblawfirm.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 3, 2024

August 27, 2024

**VIA ECF ONLY**

Hon. Kimba M. Wood, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 26A
New York, New York 10007

**MEMO ENDORSED**

    **Re:** ***Patsy's Brand, Inc. v. I.O.B. Realty, Inc.***
       **Case No. 99-cv-10175-KMW**

Dear Judge Wood:

  We represent plaintiff Patsy's Brand, Inc. ("Patsy's Brand"), the movant in the pending contempt motion (ECF 397) (the "Motion") in this matter. We write pursuant to Your Honor's Individual Rule 3.C. to bring a discovery dispute to the Court's attention and to move pursuant to Fed. R. Civ. P. 26(c) for a protective order quashing the discovery that the alleged contemnors, Isa Brija, I.O.B. Realty, Inc., Brian Roffe, Nexhimje Nezaj, and Muharrem Memishaj (the "Alleged Contemnors"), served on Patsy's Brand.

  **I.**  **The Relevant Facts.**

  In its Motion, Patsy's Brand moved for expedited discovery if the Alleged Contemnors disputed certain matters. (ECF 398 at 26). On July 31, 2024, the Court granted Patsy's Brand's motion for expedited discovery, writing as follows: "Plaintiff's request for expedited discovery is GRANTED with respect to any issues raised in the parties' papers, including Brija's claim that he relied on advice of counsel. Discovery must be completed by August 15, 2024." (ECF 440 at 1). Two days later, on August 2nd, Patsy's Brand timely served expedited discovery.

  On August 5th, the parties wrote to the Court seeking an adjournment of the Motion evidentiary hearing in light of counsels' scheduling conflicts, as well as a concomitant adjournment of other deadlines leading up to the hearing. (ECF 441). On August 12th, the Court entered an order addressing the letter request and granting the relief sought therein. In that order, the Court noted

Hon. Kimba M. Wood, U.S.D.J.
August 27, 2024
Page 2 of 4

that each party was to file a summary of the discovery sought by August 23rd and further reset various dates with further direction about the hearing. (ECF 442).

Subsequently, on August 20th, the Court granted Patsy's Brand's motion to compel the Alleged Contemnors to respond to Patsy's Brand's discovery by August 23rd after the Alleged Contemnors insisted that their responses and documents were not due to be served until the discovery end date. (ECF 443, 444).

On the evening of Friday, August 23rd, Alleged Contemnors served their interrogatory responses, written responses to document requests, and served document productions.[1] That same evening, the Alleged Contemnors served interrogatories and document requests on Patsy's Brand. Specifically, Brija, I.O.B., Nezaj, and Memishaj served twenty-two document requests and thirteen interrogatories, and Roffe served five document requests and eighteen interrogatories (together, the "Contemnor Discovery Demands"). The Contemnors' Discovery Demands seeks to compel responses and documents from Patsy's Brand by September 5, 2024.

On Monday, August 26th, counsel for Patsy's Brand wrote to both counsel for each of the Alleged Contemnors asking them to voluntarily withdraw the Contemnor Discovery Demands as unauthorized by the close of business the next day. Specifically, in pertinent part, the undersigned wrote to counsel as follows:

> Counsel –
>
> On Friday evening we received your interrogatories and document requests propounded on Patsy's Brand, Inc. We request that you withdraw those requests by close of business tomorrow. The Court did not grant contemnors any right to serve discovery. Patsy's Brand moved for expedited discovery, and then the Court then granted Patsy's Brand's request for that expedited discovery in its July 31st Order (ECF 440). Contemnors never moved for discovery. If you do not withdraw the discovery requests, we will seek the Court's intervention to resolve the matter.

(A copy of the email exchange is attached hereto as Exhibit 1 at 2).

Earlier this afternoon, counsel for the Alleged Contemnors responded jointly as follows:

---

[1] Patsy's Brand is still in the process of reviewing the Alleged Contemnors' responses and production to determine if they are fully responsive or deficient. As it stands, there may be at least one issue concerning the Alleged Contemnors' redaction of certain emails in an email exchange involving the advice of counsel issue. (*See* Exhibit 1 at 2, attached hereto). In any event, this letter motion is not intended to address any such deficiencies, which will be addressed by separate letter motion if necessary.

4881-1715-3501, v. 1

>Joel,
>
>We have consulted with, and write jointly on behalf of, all Respondents/Defendants on the contempt motion. We respectfully disagree with your position.
>
>Your contempt motion sought "expedited discovery into all relevant matters" without limiting such discovery to Plaintiff alone. *See* Patsy's Brand, Inc, April 18, 2024 Memorandum of Law (Dkt. 398, p. 26). The Court' s July 31, 2024 Order (Dkt. 440, p. 1) held that "Plaintiff's request for expedited discovery is GRANTED with respect to any issues raised in the parties' papers…" without limiting this expedited discovery strictly to Plaintiff. Most importantly, the Court's August 12, 2024 Order (Dkt. 442, p. 1) unmistakably holds that by "August 23, 2024 – **each party** must file with the Court a summary of the information **each seeks in discovery**" (emphasis supplied), which allows any party the right to seek discovery. Further, the Court's August 20, 2024 Memo Endorsement (Dkt. 444) also did not preclude in any way Respondents/Defendants from seeking discovery.
>
>Therefore, it is Respondents/Defendants' position that the demands and interrogatories served on August 23, 2024 are appropriate.

(Exhibit 1 at 1, attached hereto).

### II. The Relief Requested by Patsy's Brand.

Because the Alleged Contemnors declined to withdraw the Contemnor Discovery Demands voluntarily, Patsy's Brand respectfully requests that the Court enter an order that grants Patsy's Brand's motion for a protective order under Rule 26(c) quashing the Contemnor Discovery Demands in their entirety as unauthorized. *See* Fed. R. Civ. P. 26(c)(1)(A). A protective order is proper because the Alleged Contemnors did not move for expedited discovery nor did the Court grant them any such unsought relief. *Cf. Jefferson v. Taft Fridays 50*, No. 18-cv-1578, 2018 WL 2939037, at *2 (S.D.N.Y. Apr. 5, 2018) (granting a motion for a protective order to quash unauthorized discovery). Rather, it was Patsy's Brand, and only Patsy's Brand, that sought expedited discovery on any issues disputed related to Patsy's Brand's entitlement to hold the Alleged Contemnors in civil contempt, which the Court granted. (ECF 398 at 26; ECF 440 at 1).

While Patsy's Brand acknowledges, as it must, the Court's later August 12, 2024 order provides that by August 23, 2024 "each party must file with the Court a summary of the information each seeks in discovery," (ECF 442 at 1), we respectfully do not construe the Court's August 12th order as providing the Alleged Contemnors with any expedited discovery. Patsy's Brand's basis for its understanding is set forth above, to wit, that only Patsy's Brand moved and was granted discovery in the Court's original July 31, 2024 order. This understanding is also based on the Court not granting the then-contemnors any affirmative discovery during the last contempt

Hon. Kimba M. Wood, U.S.D.J.
August 27, 2024
Page 4 of 4

go-around. (*See, e.g.*, ECF 212, 243, 259, 290 (limiting discovery to that which was granted to plaintiffs, while noting that "[n]o other discovery has occurred, and none is warranted").

For these reasons, the Court should grant Patsy's Brand's motion for a protective order.

Respectfully submitted,

*[signature]*

Joel G. MacMull

cc:   All Counsel of Record (*via ECF only*)

**Plaintiff's motion for a protective order is DENIED. The Court granted each party the opportunity to engage in discovery. Plaintiff is directed to comply with Defendants' and Respondents' discovery requests.**

**DATED: New York, New York**
**September 3, 2024**

*/s/ Kimba M. Wood*
**KIMBA M. WOOD**
**UNITED STATES DISTRICT JUDGE**

4881-1715-3501, v. 1

**Joel G. MacMull**

| | |
|---|---|
| From: | Benjamin M. Oxenburg, Esq. <boxenburg@fkblaw.com> |
| Sent: | Tuesday, August 27, 2024 4:24 PM |
| To: | Joel G. MacMull |
| Cc: | alb@alblawfirm.com; Jeffrey Metz; Eric Askanase; Spencer A. Richards, Esq. |
| Subject: | RE: 99-cv-10175-KMW Patsy's Brand, Inc. v. I.O.B. Realty, Inc., et al. |
| Attachments: | Roffe Privilege Log 8.27.24.pdf |

> **[CAUTION: External Email]** This message is from an external source. Be cautious with links and attachments. If you don't recognize the sender or doubt the content's safety, avoid interaction. Suspected fraud? Use the "Phish Alert Report" on the MS Outlook toolbar to report it.

Joel,

We have consulted with, and write jointly on behalf of, all Respondents/Defendants on the contempt motion. We respectfully disagree with your position.

Your contempt motion sought "expedited discovery into all relevant matters" without limiting such discovery to Plaintiff alone. *See* Patsy's Brand, Inc, April 18, 2024 Memorandum of Law (Dkt. 398, p. 26). The Court's July 31, 2024 Order (Dkt. 440, p. 1) held that "Plaintiff's request for expedited discovery is GRANTED with respect to any issues raised in the parties' papers…" without limiting this expedited discovery strictly to Plaintiff. Most importantly, the Court's August 12, 2024 Order (Dkt. 442, p. 1) unmistakably holds that by "August 23, 2024 – <u>each party</u> must file with the Court a summary of the information <u>each seeks in discovery</u>" (emphasis supplied), which allows any party the right to seek discovery. Further, the Court's August 20, 2024 Memo Endorsement (Dkt. 444) also did not preclude in any way Respondents/Defendants from seeking discovery.

Therefore, it is Respondents/Defendants' position that the demands and interrogatories served on August 23, 2024 are appropriate.

With respect to the redactions in the document productions (Roffe 001-002, I.O.B. 000001-000002), the redacted information contains protected attorney client discussions related to discovery in the TTAB Opposition Proceedings and payment for legal services which is in no way related or relevant to Plaintiff's document demands. That being said, enclosed please find a privilege log. It is my understanding that I.O.B./Brija's privilege log will arrive separately.

Regards,



**Benjamin M. Oxenburg, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel: 212-867-4100 Ext. 360

Fax:212-867-4118

boxenburg@fkblaw.com
Bio | Linkedin
www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

**From:** Joel G. MacMull <JMacmull@mblawfirm.com>
**Sent:** Monday, August 26, 2024 4:11 PM
**To:** Benjamin M. Oxenburg, Esq. <boxenburg@fkblaw.com>; alb@alblawfirm.com; Jeffrey Metz <JMetz@alblawfirm.com>; Eric Askanase <easkanase@alblawfirm.com>
**Subject:** 99-cv-10175-KMW Patsy's Brand, Inc. v. I.O.B. Realty, Inc., et al.
**Importance:** High

**[EXTERNAL]** This email originated from outside of **FKB.** Do not click links or open attachments unless you trust the sender and know the content is safe.

Counsel:

On Friday evening we received your interrogatories and document requests propounded on Patsy's Brand, Inc. We request that you withdraw those requests by close of business tomorrow. The Court did not grant contemnors any right to serve discovery. Patsy's Brand moved for expedited discovery, and then the Court then granted Patsy's Brand's request for that expedited discovery in its July 31st Order (ECF 440). Contemnors never moved for discovery. If you do not withdraw the discovery requests, we will seek the Court's intervention to resolve the matter.

Separately, we raise a discovery matter with the document production by both Brija/IOB and Roffe. You have redacted parts of the email exchange in I.O.B. 000001-000002 and Roffe 001-002. The redactions appear to be of a portion of the same document you each produced. Neither of you have produced a requisite privilege log under Rule 26(b)(5). Nor do we see how either Brija/IOB and Roffe could claim any privilege or other protection over the same considering that was waived by virtue of the proffered advice of counsel defense and that you each also produced the initial portion of the email exchange. By close of business tomorrow too, please produce the unredacted documents or a detailed privilege log so that this matter may be addressed expeditiously.

**Joel G. MacMull | Partner**
Chair, Intellectual Property, Brand Management and Internet Law Practice
(973) 295-3652 | JMacmull@mblawfirm.com

**Mandelbaum Barrett PC**
www.mblawfirm.com

3 Becker Farm Road Roseland, NJ 07068
570 Lexington Avenue, 21st Floor New York, NY 10022

This email and any attachments are intended solely for the recipient to whom it is addressed. It may also