IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATSY'S BRAND, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> I.O.B. REALTY, INC., PATSY'S INC., FRANK BRIJA, JOHN BRECEVICH, and NICK TSOULOS, <br><br> *Defendants.* | Civil Action No. 99-cv-10175 (KMW) <br><br> **DECLARATION OF JOEL G. MACMULL IN SUPPORT OF MOTION TO HOLD ADEM BRIJA IN CONTEMPT** |

Joel G. MacMull, being duly sworn, hereby declares as follows:

1. I am licensed to practice law in the State of New York and a Partner at the law firm of Mandelbaum Barrett PC, counsel to plaintiff Patsy's Brand, Inc. ("Patsy's Brand"). I am over the age of 18, and I have knowledge of the facts set forth herein as counsel and based upon the discovery responses produced in the course of this contempt motion. I could and would testify competently about the matters set forth herein if called upon to do so.

2. The Court entered a permanent injunction in this case on April 17, 2001 (ECF 82) (the "Injunction"), which is also available on the docket at ECF 399-1. Paragraph 4(d) of the Injunction states as follows:

> 4. That Defendants, their successors, assigns, officers, directors, servants, employees, distributors, customers, representatives, agents and attorneys, and all persons in active concert and participation with them, or any of them. Be and they are hereby permanently restrained and enjoined:
>
> . . . .
>
> d.  from applying for, obtaining or maintaining any trademark registration for a mark which comprises, consists of the words PATSY'S or PATSY'S RESTAURANT for sauces or other packaged food products;

1

3. On March 8, 2024, Patsy's Brand moved for a finding of contempt against defendants Isa Brija ("Brija") and I.O.B. Realty, Inc. ("I.O.B.") and respondents Nexhimje Nezaj ("Nezaj"), Muharrem Memishaj ("Memishaj"), and Brian Roffe ("Roffe"). (ECF 397). Relevant here, Patsy's Brand moved to hold Brija, I.O.B., Nezaj, and Memishaj in contempt for violating paragraph 4(d) of the Injunction for filing trademark applications with the United States Patent and Trademark Office ("USPTO") to register the marks PATSY'S OF HARLEM (U.S. Serial No. 97757387) for frozen pizza and PATSY'S OF EAST HARLEM (U.S. Serial No. 97749994) for frozen pizza (together, the "Applications").

4. The PATSY'S OF HARLEM application was filed under the name of Memishaj, and the PATSY'S OF EAST HARLEM application was filed under the name of Nezaj. During the course of the contempt motion briefing and expedited discovery, Brija has represented that *he* filed both Applications using Memishaj's and Nezaj's names.

5. During expedited discovery ordered by the Court, Brija served interrogatory responses stating that he filed the Applications with the assistance of his son, Adem Brija ("Adem"). Brija stated in those interrogatory responses that Adem assisted him with drafting and filing the Applications and subsequent filings with the USPTO related to those Applications. (ECF 450-1 at Nos. 6, 9, 10). Such conduct violated and is in contempt of paragraph 4(d) of the Injunction.

6. Based upon sworn testimony previously adduced in this case and other matters (*see, e.g.*, ECF 450-5, -6), Adem owns and manages BackThree, Inc., the company that owns and operates the original Patsy's Pizzeria location in East Harlem, and he is involved with operating the pizzeria.

7. Based upon sworn testimony previously adduced in this case and other evidence of record, Adem is aware of the Injunction. (*E.g.*, ECF 255-4 at 31). Adem previously testified before this Court in May 2021 in connection with the last motion for contempt against Brija and I.O.B.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

_____
Joel G. MacMull

Dated: September 6, 2024

3

4876-4846-7170, v. 1