IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATSY'S BRAND, INC.,<br><br>   *Plaintiff,*<br><br>v.<br><br>I.O.B. REALTY, INC., PATSY'S INC., FRANK BRIJA, JOHN BRECEVICH, and NICK TSOULOS,<br><br>   *Defendants.* | Civil Action No. 99-cv-10175 (KMW)<br><br>**DECLARATION OF<br>LISA SCOGNAMILLO IN FURTHER<br>SUPPORT OF PATSY'S BRAND, INC.'S<br>MOTION FOR CONTEMPT** |

   I, Lisa Scognamillo, being duly sworn, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

   1. I am the Business Manager and General Counsel to Patsy's Brand, Inc. ("Patsy's Brand"), the plaintiff in the above matter. I am also the wife of Salvatore Scognamillo ("Sal"), who is the Secretary and Treasurer of Patsy's Brand as well as the executive chef and majority owner of Patsy's Italian Restaurant located at 236 West 56th Street in New York, New York ("PIR"), which has been owned and operated by the Scognamillo family since 1944.

   2. In addition to the above, I am an active member of the New York Bar. I was admitted to practice in New York in 1992 and practiced primarily maritime law for 24 years.

   3. I submit this declaration as my direct testimony pursuant to the Court's August 12, 2024 Order (ECF 442), and in further support of Patsy's Brand's application of March 8, 2024 wherein defendants Isa Brija ("Brija") and I.O.B. Realty, Inc. ("I.O.B.") (collectively, "Defendants") and respondents Nexhimje Nezaj ("Nezaj"), Muharrem Memishaj ("Memishaj"), and attorney Brian Roffe ("Roffe") (collectively, "Respondents") be held in

1

contempt of the permanent injunction order entered by the Honorable John S. Martin, U.S.D.J. on April 17, 2001 (as modified by the U.S. Court of Appeals for the Second Circuit) (ECF 397 *et seq.*).

## I.      Relevant Facts

### A.  Defendants' Recent Conduct.

4.      I understand that Patsy's Brand's moving papers as well as its reply papers in support of the present motion detail the conduct that underlies Patsy's Brand's present application for contempt. Accordingly, those same facts will not be revisited here. I do, however, wish to advise the Court of additional actions that have been taken in recent weeks by individuals who are, undoubtedly, the Defendants in this action or their agents for the reasons explained below. The conduct detailed below is outrageous under the circumstances and should leave little doubt regarding the Defendants' ongoing contumacious conduct *vis-à-vis* Patsy's Brand and my family.

5.      On or about August 1, 2024, PIR received in the mail a letter addressed to my husband, Sal. The letter's envelope bore the address of PIR and, curiously, a return address that is also PIR's same address. Typically, I open all of the mail delivered to the restaurant, regardless of whom it is addressed to. This was no different. A photograph that I took of the envelope containing the letter described below is set forth in Figure 1 below.

4880-5200-5604, v. 1



*Figure 1*

6. The envelope contained a document bearing a picture of my youngest son, Peter Scognamillo, taken from his Instagram® page. It contains handwritten remarks at the bottom stating "How Nice Patsy's New Barmaid." The backdrop of the photograph is a small bar that is upstairs at PIR that, typically, is not open to patrons. A photograph that I took of the document sent in the envelope shown above is set forth in Figure 2 below.



Figure 2

4

7. Relevant here, is that my son Peter is openly gay. Therefore, my review of the document came as a shock to me as Peter's mother and created, and continues to create, very real concerns for his safety.

8. As a consequence of receiving the document, we alerted our son Peter to its existence and our family has undertaken measures to further ensure his personal safety.

9. In the days following the receipt of the letter, I simply dismissed it as the product of an unknown bigoted party. All that would change, however, two weeks later, when, on or about August 14, 2024, a second "letter" was received by PIR in the mail. I, too, opened this second letter. The envelope containing the second letter bore the same hallmarks as the first letter: The address and return address on the envelope were handwritten and, most notably, bore PIR's address and the same return address just like the first letter. A photograph that I took of the envelope containing the second letter is shown below in Figure 3.



*Figure 3*

5

10. Just like the first letter, it was the content of the second letter that is most distressing. The second letter contains a photograph of the façade of PIR. In the lower right-hand corner of the letter, covering the front window of the restaurant, is taped a "Patsy's Pizzeria Since 1933" logo. In the margins surrounding the photograph of the building is handwritten the following: "Future Location of Patsy's Pizzeria" and "'The Best is Yet to Come.'" On the bottom of the letter, the words "italian restaurant" are crossed out and the word "pizzeria" is handwritten below it. A photograph that I took of the letter as described herein is shown below in Figure 4.



*Figure 4*

11. I construe the second letter as a threat by Brija or his agents that they intend to (i) take over the PIR location and install a Patsy's Pizzeria location; and (ii) put PIR out of business permanently.

12. This second letter is harassing, threatening, and obviously retaliatory in the wake of Patsy's Brand's present motion to hold Brija, Nezaj, and Memishaj liable for contempt of the Injunction.

13. Moreover, given the obvious similarities between the second letter and the first letter, I have little doubt that both letters were transmitted by Brija or his agents. That he has seen fit to threaten members of my immediate family in the wake of this 23-year long dispute is nothing short of despicable in my view and I, on behalf of my entire family, implore the Court not to turn a blind eye to this conduct.

14. Should the Court have any reservations about who sent the above-referenced correspondence — though it is clear given that the second letter contains three references to "Patsy's Pizzeria" and its logo — the Court will recall that it is already a matter of record in this case that Brija has a history of sending anonymous packages to PIR in an effort to threaten or otherwise antagonize my family. As this Court previously chronicled in its August 2021 decision, Brija admitted that he had a retired New York Police Department detective drop off two frozen vacuum-sealed frozen pizzas that bore Patsy's Pizzeria labeling and that was not accompanied by any message. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.,* No. 99-CV-10175, 2021 WL 3418475, at *3 (S.D.N.Y. Aug. 5, 2021).

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

                                            */s/ Lisa Scognamillo*
                                            Lisa Scognamillo

Dated: September 16, 2024

4880-5200-5604. v. 1