UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATSY'S BRAND, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> I.O.B. REALTY, INC., PATSY'S INC., FRANK BRIJA, JOHN BRECEVICH, and NICK TSOULOS <br><br> *Defendants.* | Civil Action No. 99-cv-10175 (KMW) |

**PLAINTIFF PATSY'S BRAND, INC.'S OBJECTIONS TO THE
DIRECT TESTIMONY OF DEFENDANTS AND RESPONDENTS**

Pursuant to the Court's Order dated August 12, 2024 (ECF 442), plaintiff Patsy's Brand, Inc. ("Patsy's Brand") hereby files its written objections to the following direct testimony proffered in the affidavits submitted by defendants Isa Brija, Nexhimje Nezaj, and Muharrem Memishaj.. (ECF Nos. 460, 461 and 462).

**Objections to Direct Testimony Affidavit of Isa Brija (ECF 462)**

1.   **Paragraphs 3 and 4**

Patsy's Brand objects to paragraphs 3 and 4 of the Brija Affidavit because they are both argumentative rather than factual, and the former purports to testify about what Patsy's Brand contends. This is not the proper subject of testimony. *See* Fed. R. Evid. 602; *Am. Transit Ins. Co. v. Bilyk*, 546 F. Supp. 3d 192, 201 (E.D.N.Y. 2021).[1]

---

[1] For the record, Patsy's Brand also notes that Brija's statement in paragraph 3 that Patsy's Brand "contends that the prosecution of *two counterclaims*" in the Trademark Trial and Appeal Board proceeding violate the Injunction is inaccurate. (emphasis added). As Patsy's Brand's motion stated and reply briefing reiterated, Patsy's Brand contends only that the counterclaim to cancel the Patsy's PR Since 1944

1

### 2. Paragraph 5

Patsy's Brand objects to most of paragraph 5 of the Brija Affidavit because Brija cannot incorporate into his testimony by reference the testimony of another witness (Roffe), a memorandum of law, and arguments. *See* Fed. R. Evid. 602; *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) ("A court may therefore strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements."); *Nat'l City Golf Fin. v. Higher Ground Country Club Mgmt. Co., LLC*, 641 F. Supp. 2d 196, 205 n.4 (S.D.N.Y. 2009) (same); *see also Am. Transit Ins. Co.*, 546 F. Supp. 3d at 201. Such testimony is inadmissible under Fed. R. Evid. 801(c) and 802 because it is hearsay and legal argument.

However, Patsy's Brand does not object to the following portion of paragraph 5: "even before the Motion was filed, Mr. Roffe advised me that the Counterclaims did not violate Section 4(e) of the Injunction." This portion, only, is admissible.

### 3. Paragraphs 13, 14, 15, 16, 17 and Exhibits A, B, and C

Patsy's Brand objects to paragraphs 13, 14, 15, 16, and 17 and Exhibits A, B, and C of the Brija Affidavit under Fed. R. Evid. 401, 801(c), and 802. Brija's commentary and exhibits concerning his pizzeria business, his pizza awards, his pizzeria's cameo in a recent movie, fictional aliens, and the differences between his pizzeria and Patsy's Italian Restaurant are all utterly irrelevant and extraneous to this contempt proceeding. *See* Fed. R. Evid. 401. Exhibits A and B are also inadmissible hearsay. *See* Fed. R. Civ. 801(c), 802. Notably, the Court sustained Patsy's Brand's objection to this kind of superfluous material about pizza awards in the last contempt

---

registration (the registration referred to as the PATSY'S mark in the Injunction) violated paragraph 4(e) of the Injunction. It is not clear why Brija claims otherwise.

proceeding. *Compare* ECF 242 ¶ 4 (sustaining objection), *with* ECF 235 at 4-5 (objection to pizza award exhibit on grounds of irrelevance under Fed. R. Evid. 401).

### 4. Paragraphs 29, 31 and 34 (partial)

Patsy's Brand objects to paragraphs 29, 31, and part of 34 of the Brija Affidavit under Fed. R. Evid. 602 as argumentative rather than factual. As to paragraph 34, Patsy's Brand specifically objects to the portion after the semicolon ("I asked that the Court use . . . ."). This is not the proper subject of testimony. *See* Fed. R. Evid. 602; *see Am. Transit Ins. Co.*, 546 F. Supp. 3d at 201.

### 5. Paragraphs 42, 43, 44, 51, 52, 53, 54, and 55 and Exhibits E and F

Patsy's Brand objects to paragraphs 42, 43, 44, 51, 52, 53, 54, and 55 and Exhibits E and F of the Brija Affidavit under Fed. R. Evid. 602 because they are argumentative rather than factual. In paragraphs 42, 43, and 44, Brija argues to the Court about how to read another witness's interrogatory answers, what a trademark board filing purportedly demonstrates, his belief about why certain evidence is sufficient to show something, and why evidence is sufficient to show his alleged reasonable reliance on counsel. In paragraphs 51, 52, 53, and 54, Brija similarly argues about what Roffe's interrogatory response states and what Patsy's Brand's interrogatory responses allegedly state regarding its damages and when Patsy's Brand learned of certain Injunction violations. And in paragraph 55, Brija makes a request of the Court to reject the relief that Patsy's Brand's seeks. This testimony is all improper, inadmissible argument instead of factual statements. *See* Fed. R. Evid. 602; *Am. Transit Ins. Co.*, 546 F. Supp. 3d at 201; *Hollander*, 172 F.3d at 198.

It is also improper to admit wholesale into evidence Patsy's Brand's and Roffe's responses to interrogatories (Exhibits E and F). The responses are statements of others and not within Brija's personal knowledge, so they are inadmissible through Brija. *See* Fed. R. Evid. 602; *see also* Fed. R.

4860-3319-3446, v. 3

Civ. P. 33(c) ("An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence."). Nor is it proper to admit the entirety of a party's interrogatory responses wholesale, regardless, as Brija does by attaching the entirety of the interrogatory answers.

6. **Paragraph 50**

Patsy's Brand objects to paragraph 50 of the Brija Affidavit under Fed. R. Evid. 1002, 1003, and 1004 because Brija identifies a log of alleged telephone conversations with Roffe based on a review of his "telephone records" but failed to produce the phone records themselves. The phone records—phone bill call logs or cell phone internal call log—clearly exist because Brija states he reviewed them. Yet, a copy of the phone bill logs or cell phone screenshots were never produced in discovery, nor does Brija attach them as an exhibit to his testimony. Therefore, Brija cannot use testimony alone to prove the content of those logs. *See* Fed. R. Evid. 1004 (stating other evidence of the content of a writing or recording is admissibly only if the originals were lost/destroyed, cannot be obtained by judicial process, the party who controls the original fails to produce it at the hearing, or the writing or recording is not closely related to a controlling issue).

7. **Paragraphs 56, 57, 58, and 59 and Exhibits G, H, and I**

Patsy's Brand objects to paragraphs 56, 57, 58, and 59 and Exhibits G, H, and I of the Brija Affidavit under Fed. R. Evid. 401, 403, 602, 801(c), and 802. The two complaints and allegations therein filed in two unrelated cases on September 16, 2024, and Brija's commentary about the allegations in the two complaints, are utterly irrelevant and extraneous to this case. *See* Fed. R. Evid. 401. They have nothing to do with whether the alleged contemnors in this case violated the Injunction. Brija's testimony and exhibits shoehorned into his affidavit are a misguided scheme to

4860-3319-3446, v. 3

color the Court's perception of Patsy's Brand's principals.[2] To that end, even if the testimony and exhibits were relevant (they are not), they should be excluded under Fed. R. Evid. 403 as unfairly prejudicial, confusing the issues, and wasting time.

Brija further has no personal knowledge of the two complaints and allegations therein that were made by two other people and through their attorneys. *See* Fed. R. Evid. 602; *see Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 n.8 (11th Cir. 2012). Brija's testimony about the two complaints and their content is inadmissible hearsay, if not double or triple hearsay in some instances given that the statements were prepared by attorneys on behalf of their clients and also purport to quote others. *See* Fed. R. Evid. 801(c), 802; *see, e.g., Century '21' Shows v. Owens*, 400 F.2d 603, 610 (8th Cir. 1968); *Keyser v. Pickrell*, 4 App. D.C. 198, 212 (D.C. Cir. 1894) ("The admissions or recitals of facts made by a party in the pleading in another and different case are generally held not to be competent evidence."). The complaints and allegations therein are unsworn out-of-court statements made by two plaintiffs and their attorneys.[3] For these reasons, the testimony is inadmissible. *See Hollander*, 172 F.3d at 198 (stating the court can "strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements").

---

[2]  Patsy's Brand notes for the record that Brija's statements in paragraph 56 that the two employees filed their lawsuits "against [Patsy's] Brand" and that Patsy's Italian Restaurant "is the restaurant owned by [Patsy's] Brand" are both false. (ECF 462 ¶ 56). Patsy's Brand was not named as a defendant in those two cases, and Patsy's Brand also does not own Patsy's Italian Restaurant. Patsy's Italian Restaurant, Inc. ("PIR Inc.")—the named entity defendant in the two complaints—owns Patsy's Italian Restaurant. Brija knows this from past litigation against PIR Inc. *See Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 259 (2d Cir. 2011); *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427, 435 (E.D.N.Y. 2008).

[3]  Notwithstanding the total irrelevance of this testimony, Patsy's Brand merely points out—and perhaps it did not escape the Court's notice—the miraculous coincidence that these two lawsuits were filed two days before Brija's affidavit was due and that the lawsuits then found their way into Brija's affidavit.

5

Finally, specific to paragraph 59, Brija testifies about his wife's alleged fears and why she allegedly feels the way she does. This, too, Brija has no personal knowledge of. *See* Fed. R. Evid. 602; *Towner v. Hogan*, No. 315-cv-00963, 2019 WL 4253968, at *2 (N.D.N.Y. Sept. 9, 2019) (noting "that a witness's testimony about another person's state of mind would violate Fed. R. Evid. 602, which requires witness testimony to be based on personal knowledge"); *Combs v. Cordish Companies, Inc.*, 14-cv-0227, 2018 WL 1464033, at *11 (W.D. Mo. Mar. 23, 2018) ("Beliefs, perceptions, and feelings about another person's state of mind are precluded."). And, this paragraph is inadmissible hearsay because Brija is implicitly testifying about what his wife purportedly told him. *See* Fed. R. Evid. 801(c), 802).

### Objections to Direct Testimony Affidavit of Nexhmije Nezaj (ECF 460)

**1.      Paragraph 6**

Patsy's Brand objects to paragraph 6 of the Nezaj Affidavit under Fed. R. Evid. 401 and 403, 602, 801(c), and 802 for the same reasons identified in the objection above to paragraphs 56, 57, and 58 and Exhibits G, H, and I of the Brija Affidavit.

### Objections to Direct Testimony Affidavit of Muharrem Memishaj (ECF 461)

Patsy's Brand does not have any objections to the Memishaj Affidavit.

### Objections to Direct Testimony Affidavit of Brian Roffe

Roffe initially did not file a direct testimony affidavit and, therefore, Patsy's Brand has no objections yet but reserves its right to object to any testimony he proffers hereinafter pursuant to the Court's order dated September 19, 2024 (ECF 469).

        Respectfully submitted,

        **MANDELBAUM BARRETT PC**

        Joel G. MacMull
        Brian M. Block
        570 Lexington Avenue, 21st Floor
        New York, New York 10022
        T: (212) 776-1834
        jmacmull@mblawfirm.com
        bblock@mblawfirm.com

        *Attorneys for Plaintiff*
        *Patsy's Brand, Inc.*

Dated: September 20, 2024

4860-3319-3446, v. 3