**Furman Kornfeld & Brennan LLP**

Wall Street Plaza

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 24, 2024

September 22, 2024

**MEMO ENDORSED**

<u>Via ECF</u>
Honorable Kimba M. Wood, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 2540
New York, New York 10007

   Re: *Patsy's Brand, Inc. v. I.O.B. Realty, Inc., et al.*
      SDNY Case No.: 99-cv-10175-KMW
      <u>Attorney Roffe's Letter Motion to Quash Subpoena</u>

Dear Judge Wood,

  Our firm represents non-party Respondent Brian Roffe, Esq. ("Attorney Roffe") with respect to Plaintiff Patsy's Brand, Inc.'s motion for contempt (<u>Dkt. 397</u>, *et seq*.) (the "Contempt Motion") and the associated proceedings in the above referenced matter. We write pursuant to Your Honor's Individual Rule 3.B to submit the within letter motion to quash Plaintiff Patsy's Brand, Inc.'s subpoena seeking Attorney Roffe's in person testimony at the September 26, 2024 Contempt Motion hearing (the "Subpoena"). The Subpoena was emailed by Plaintiff's counsel to undersigned counsel on Thursday September 19, 2024 (*see* <u>Ex. A</u>), seven (7) days before the September 26 hearing.

  First, the Subpoena should be quashed because all of the Court's Orders with respect to witness testimony provided all Respondents and witnesses with the *option* of filing direct testimony affidavits, the submission of which would require in person appearances at the September 26 hearing. *See* <u>Dkt. 440</u>, <u>Dkt. 442</u>, <u>Dkt. 469</u>.[1] Attorney Roffe has opted not to submit a direct testimony affidavit and therefore did not plan to appear in person at the September 26 hearing. Attorney Roffe has advised the Court and parties of this decision. *See* <u>Dkt. 478</u>. Plaintiff should not be permitted to circumvent the Court's Orders and procedures in place for the hearing through the enforcement of the Subpoena.

  Second, the Subpoena is facially defective because it fails to allow for a reasonable time for compliance. *See* FRCP 45(d)(3)(i) (the Court "must quash…a subpoena that (i) fails to allow a reasonable time to comply."). Although the FRCP does not define what constitutes "reasonable time," this Court and courts in the Second Circuit typically consider notice of a week or less to be presumptively unreasonable. *See Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 Misc. 23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020) (quashing deposition subpoena with four days' notice); *Bouchard Transp. Co., Inc. v. Assoc. Elec. & Gas Ins. Servs. Ltd.*, No. 15-cv-6586 (PAC), 2015 WL 6741852, at *2 (S.D.N.Y. Nov. 4, 2015) (finding five days' notice to be an unreasonable amount of time); *Brown v. Hendler*, No. 09-cv-4486 (RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (quashing subpoena with nine days' notice); *see also Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 16-cv-1891, 2017 WL 4998645, at *1 (D. Conn. Nov. 2, 2017) (quashing subpoena for appearance at hearing on seven days' notice). Here, the Subpoena was

---

[1] "The Court reminds the parties that witnesses for whom an Affidavit has been filed must appear at the September 26, 2024 hearing for examination."

Hon. Kimba M. Wood, USDJ
*Patsy's Brand, Inc. v. I.O.B. Realty, Inc., et al.* (SDNY Case No.: 99-cv-10175-KMW)
September 22, 2024
Page 2 of 3

emailed to undersigned counsel seven (7) days in advance of the September 26 hearing, and only after Attorney Roffe declined the opportunity to submit a direct testimony affidavit by September 18. *See* Dkt. 442. Plaintiff has been aware of the September 26 hearing date for over five (5) weeks and could have but chose not to issue the Subpoena earlier. Under these circumstances, seven (7) days' notice is an unreasonable amount of notice time.

Third, the Subpoena violates the 100-Mile Rule specified in FCRP 45(c) and FRCP 45(d)(3)(ii). FCRP 45(c)(1)(A) provides that a subpoena may command a person to attend a hearing only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Attorney Roffe resides and works in Palm Beach County, Florida, over 1,200 miles away from this Court. *See* Ex. B. Attorney Roffe also does not regularly transact business in person in this District. Attorney Roffe travels to New York very infrequently for business, typically only one or two days per year, and has not been in New York at all this year for business reasons. *See* Ex. B. In this Court, "[o]ccasional or sporadic visits to New York are not sufficient." *City of Almaty, Kazakhstan v. Sater*, No. 19-cv-2645 (JGK)(KHP), 2023 WL 2088173, at *2 (S.D.N.Y. Feb. 16, 2023); *see also Perez v. Progenics Pharms., Inc.*, 2015 WL 4111551, at *2 (S.D.N.Y. June 24, 2015) (attendance at quarterly meetings did not constitute regular transaction of business in person); *M'Baye v. New Jersey Sports Production, Inc.*, 246 F.R.D. 205, 208 (S.D.N.Y. 2007) ("[T]raveling to an area within a 100-mile radius for fourteen to eighteen days in two years is insufficient to render a person amenable to subpoena."). As such, the Subpoena must be quashed for this independent reason.

For the reasons articulated above, Attorney Roffe respectfully asks the Court to quash the Subpoena.

We thank the Court for its attention and consideration as to this matter.

Respectfully Submitted,

**FURMAN KORNFELD & BRENNAN LLP**
COUNSEL FOR RESPONDENT BRIAN ROFFE, ESQ.

*[signature]*

Spencer A. Richards
Benjamin M. Oxenburg

cc:   Counsel of Record – via ECF

**The Court hereby quashes the Subpoena served upon Brian Roffe on September 19, 2024, on the ground that it would violate FRCP 45(c).**

**SO ORDERED.**

**DATED: New York, New York**
**September 24, 2024**

*/s/ Kimba M. Wood*
**KIMBA M. WOOD**
**UNITED STATES DISTRICT JUDGE**