**Furman Kornfeld & Brennan LLP**

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100   Fax: 212-867-4118
www.fkblaw.com

October 11, 2024

<u>*Via ECF*</u>
Honorable Kimba M. Wood, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 2540
New York, New York 10007

   Re: *Patsy's Brand, Inc. v. I.O.B. Realty, Inc., et al.*
     SDNY Case No.: 99-cv-10175-KMW
     <u>Response to October 7, 2024 Court Order (Dkt. 500)</u>

Dear Judge Wood,

  Our firm represents non-party Respondent Brian Roffe, Esq. ("Attorney Roffe") with respect to Plaintiff Patsy's Brand, Inc.'s motion for contempt (Dkt. 397, *et seq*.) (the "Contempt Motion") and the associated proceedings in the above referenced matter. We write in response to the Court's October 7, 2024 Order (Dkt. 500) and pursuant to Individual Rule 1.A to provide, as directed, a further explanation as to Attorney Roffe's reliance on the Rules of Professional Conduct ("RPC") and an account of the advice Attorney Roffe provided to his current client and co-Respondent in this proceeding, Frank Brija ("Brija").

  With respect to the Court's first query, Attorney Roffe understands RPC Rule 1.7 in the context of the present matter to relate to a possible conflict of interest between himself and Brija. Presently, Attorney Roffe does not believe that a conflict of interest exists vis-à-vis Brija. However, should Attorney Roffe offer testimony in this matter, he has a good faith belief that a conflict would arise as a result of that testimony. Moreover, Attorney Roffe's other ethical obligations and duties towards Brija compel him to avoid the potential to negatively impact the outcome of the Contempt Motion with respect to Brija. *See e.g.,* RPC Rule 1.1(c)(2) ("A lawyer shall not intentionally prejudice or damage the client during the course of the representation… .").

  Regarding his advice as to Paragraph 4(e) of the Injunction, Attorney Roffe respectfully refers the Court to his April 11, 2024 Declaration (Dkt. 424), the April 11, 2024 Opposition (Dkt. 423, p. 8-11), the August 23, 2024 Responses to Plaintiff's First Set of Interrogatories, and the document production Bates numbered Roffe 001. The first time that Attorney Roffe became aware of the content of the Injunction and Plaintiff's consideration of its alleged relevance to the challenged Counterclaim was on March 1, 2024 at approximately 12:55 PM. After reviewing Paragraph 4(e) and Judge Martin's emendations to the words "any" and "incorporating," Attorney Roffe believed that Paragraph 4(e) did not apply to the Counterclaim because it did not seek to cancel any of the Plaintiff's PATSY'S marks[1] but rather the PATSY'S PR SINCE 1944 mark,

---

[1] Petitioner has three registered U.S. trademarks for PATSY'S alone without additional words, namely, Reg. No. 2,777,068 for PATSY'S for sauces, Reg. No. 2,845,063 for olive oil; extra virgin oil; cheese; roasted peppers and processed eggplant, and cheese ravioli; manicotti; lasagna; pasta; vinegar; pastries, namely, tiramisu, and Reg. No. 3,243,279 for frozen eggplant parmigiana. It is not disputed that no petition to cancel any of these marks was filed by

Hon. Kimba M. Wood, USDJ
*Patsy's Brand, Inc. v. I.O.B. Realty, Inc., et al.* (SDNY Case No.: 99-cv-10175-KMW)
October 11, 2024
Page 2 of 2

which incorporates the word PATSY'S and includes additional words. In other words, Attorney Roffe's good faith interpretation formed on March 1, 2024 was that Paragraph 4(e) prohibited petitions to cancel a mark that is only the word PATSY'S (for sauces or other packaged food products or restaurant services) not with any additional words, i.e., Plaintiff's three (3) other marks containing only the word PATSY's (*see* FN 1). Attorney Roffe advised Brija[2] of this interpretation over email that same day. *See* Roffe 001. This March 1, 2024 email is the only legal advice regarding Paragraph 4(e) reduced to writing. Subsequent to this email and over the next several days, Attorney Roffe and Brija had a number of telephone conversations, during which this matter, the TTAB Opposition, the Counterclaim, and Paragraph 4(e) may have been discussed.

      We thank the Court for its attention and consideration as to this matter.

      Respectfully Submitted,

**FURMAN KORNFELD & BRENNAN LLP**
COUNSEL FOR RESPONDENT BRIAN ROFFE, ESQ.

*[signature]*

Spencer A. Richards
Benjamin M. Oxenburg

cc:    Counsel of Record – via ECF

---

Attorney Roffe on behalf of Brija. Attorney Roffe considers these registrations to be covered by Paragraph 4(e) of the Injunction.

[2] Attorney Roffe's sole client with respect to the TTAB Opposition is Frank Brija. Attorney Roffe does not represent and does not take direction from Adem Brija. Attorney Roffe did not have any one-on-one communications with Adem Brija regarding Paragraph 4(e) of the Injunction, nor did he provide any advice directly to Adem Brija regarding Paragraph 4(e) of the Injunction. Any communications from Attorney Roffe on which Adem Brija was copied were intended solely for Frank Brija's consideration and benefit.