USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 29, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PATSY'S BRAND, INC.,

                    Plaintiff,

  -against-

I.O.B. REALTY, INC., PATSY'S INC.,
FRANK BRIJA, JOHN BRECEVICH, and
NICK TSOULOS,

                    Defendants.
----------------------------------------------------------X

99-CV-10175 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      On January 9, 2025, Adam Leitman Bailey ("Bailey"), counsel for Defendants I.O.B. Realty, Inc. and Frank Brija, and Respondents Adem Brija, Nexhmije Nezaj, and Muharrem Memishaj, filed a motion to withdraw as counsel and to seal the documents in support of the motion to withdraw. (ECF No. 537.) Bailey's letter, declaration, and memorandum of law in support of the motion were filed ex parte and set forth counsel's reason for the request; Bailey's firm does not assert a retaining or charging lien. Plaintiff's counsel filed a letter in opposition on January 13, 2025, ECF No. 539, and Frank Brija ("Brija") submitted a letter on behalf of Defendants and Respondents on January 24, 2025, expressing their desire to proceed *pro se*, ECF No. 542. On January 27, 2025, Plaintiff's counsel reiterated its opposition to the motion to withdraw, moved to strike portions of Brija's letter as "superfluous," and requested that should this Court grant the motion to withdraw, it condition the grant on corporate defendant I.O.B. Realty, Inc. first retaining new counsel. (ECF No. 543.) For the reasons set forth below, the motion to seal is GRANTED and the motion to withdraw is GRANTED on the condition that I.O.B. Realty, Inc. appears in this action through new counsel by March 31, 2025.

A. **Motion to Seal**

There is a strong presumption of public access to court records. *See, e.g.*, *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022). Although not every document filed with a court is subject to the "right of public access," judicial documents—those relevant to the performance of the judicial function and useful in the judicial process—are presumptively public. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). To overcome the presumption of public access, the court must find that sealing is "necessary to preserve higher values" and is "narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124).

Courts in this district routinely allow documents in support of motions to withdraw to be filed ex parte and under seal where necessary to preserve the confidentiality of the attorney-client relationship. *See, e.g.*, *Lugosch*, 435 F.3d at 125; *Scala v. Little Feet Childcare Ctr. LLC*, 2024 WL 3342604, at *1 (S.D.N.Y. July 9, 2024) (Reznik, J.) (collecting cases). Thus, the request to seal is GRANTED.

B. **Motion to Withdraw**

Rule 1.4 of the Local Civil Rules of this Court governs the withdrawal of counsel:

> An attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

The Court therefore considers two issues in determining the motion to withdraw: (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceeding. *See*

*Marciano v. DCH Auto Grp.*, 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016) (Karas, J.). It is well settled that the determination of a motion to withdraw falls within the sound discretion of the trial court. *See, e.g.*, *Lombardo v. JPMorgan Chase Bank, N.A.*, 2024 WL 4707937, at *2 (S.D.N.Y. Nov. 7, 2024) (Briccetti, J.). Conditions may be imposed on permission to withdraw. *See, e.g.*, *Mario Valente Collezioni, Ltd. v. Semeraro*, 2004 WL 1057790, at *1 (S.D.N.Y. May 10, 2004) (Stein, J.); *Beshansky v. First Nat'l Ent. Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y. 1990) (Leisure, J.).

Here, Bailey agrees with Defendants and Respondents that the reasons for withdrawal are an irreconcilable breakdown in the attorney-client relationship and a dispute over legal fees. Courts have repeatedly deemed these types of reasons sufficient bases for withdrawal. *See, e.g.*, *Lombardo*, 2024 WL 4707937, at *3 (granting motion to withdraw where "deteriorated relationship" between plaintiff and counsel presented irreconcilable differences); *Scala*, 2024 WL 3342604, at *2 (granting motion to withdraw where defendants refused or were unable to pay their legal bills). Based on the representations of Bailey and Brija, the Court finds the attorney-client relationship has broken down to the extent that it would not serve Defendants and Respondents for Bailey to continue representation. Importantly, however, the Court does not ascribe blame to either Bailey, his firm, or any of the Defendants or Respondents, for the breakdown. This decision is unrelated to any potential malpractice claim against Bailey and his firm, or any fee dispute between the firm and Brija.

Based on several factors, however, including the protracted history of this litigation and the near completion of substantial briefing on Plaintiff's motion for contempt against Defendants and Respondents, this Court conditions Bailey's withdrawal on the filing of an appearance by new counsel for I.O.B. Realty, Inc. Conditioning counsel's withdrawal on the appearance of

new counsel is well within the Court's discretion and furthers the Court's interest in advancing this matter to resolution. *See, e.g.*, *Beshansky*, 140 F.R.D. at 274 (conditioning counsel's withdrawal on defendants finding substitute counsel).

Furthermore, it is well settled that a corporation can only appear in court through an attorney, and may not proceed *pro se*. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Dial-A-Mattress Franchise Corp. v. Page*, 880 F.2d 675, 677 (2d Cir. 1989) ("Under the rules of this Circuit, a corporation may not appear *pro se*."). Where a corporation repeatedly fails to appear by counsel, the court may enter a default judgment against it. *See, e.g.*, *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006). Accordingly, Defendant I.O.B. Realty, Inc. must retain new counsel as soon as possible. Only then will Bailey's withdrawal be considered complete and the Clerk of Court be instructed to terminate the motion at ECF No. 537.

## CONCLUSION

For the foregoing reasons, the motion to seal is GRANTED and the motion to withdraw as counsel is GRANTED on the condition that Defendant I.O.B. Realty, Inc. appears in this action through new counsel by March 31, 2025. Because Bailey is not asserting any lien, his firm is directed to immediately turn over all relevant files and work product specific to this action to Defendants-Respondents.

The individual Defendants and Respondents may proceed *pro se* or retain new counsel. As stated above, however, corporate defendant I.O.B. Realty, Inc. must retain new counsel, and

such counsel must make an appearance by March 31, 2025.  Should I.O.B. Realty, Inc. fail to retain new counsel, the Court will decide the contempt motion on the briefs.

Plaintiff's request for supplemental briefing, ECF No. 536, is GRANTED.  Plaintiff shall file its supplemental brief, no longer than 12 pages, by April 2, 2025.  Defendants-Respondents shall file an opposition brief, no longer than 12 pages, by April 16, 2025.  Respondent Roffe shall file an opposition brief, no longer than 12 pages, by April 16, 2025.  Plaintiff's reply, if any, must be no longer than 8 pages, and is due by April 23, 2025.

Mr. Bailey is directed to provide a copy of this Order to Defendants and Respondents as soon as practicable.

SO ORDERED.

Dated: New York, New York
       January 29, 2025                          /s/ Kimba M. Wood
                                                 KIMBA M. WOOD
                                                 United States District Judge