```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  October 28, 2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PATSY'S BRAND, INC.,

                Plaintiff,

      -against-

I.O.B. REALTY, INC., PATSY'S INC.,
FRANK BRIJA, JOHN BRECEVICH, and
NICK TSOULOS,

                Defendants.
-----------------------------------------------------------X

99-CV-10175 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      On August 15, 2025, the Court held Defendants I.O.B. Realty, Inc. and Isa "Frank" Brija ("Defendants") in contempt of court for violating the Court's injunction protecting Plaintiff's trademark. (Op. & Order, ECF No. 594.)[1] In the Opinion and Order, the Court found that Plaintiff Patsy's Brand, Inc. was entitled to attorneys' fees and costs incurred in litigating the motion for contempt. (*Id.* at 35–36.) Plaintiff previously submitted a brief in support of an award of attorneys' fees and costs for work performed on the motion between February 2024 and October 23, 2024, along with supporting documentation for those fees and costs. (October 2024 Fee Application, ECF No. 516.) Following the August 15, 2025 Opinion and Order, Plaintiff submitted a supplemental memorandum in support of attorneys' fees and costs for work performed between October 23, 2024 and August 21, 2025. (August 2025 Fee Application, ECF No. 595.) Defendants filed a brief in response, disputing certain aspects of both fee applications. (Defs.' Opp'n, ECF No. 596.) Plaintiff filed a reply. (Pl.'s Reply, ECF No. 598.) On

---

[1] The Court assumes familiarity with the factual and legal background of this case, which is described in the Court's August 15, 2025 Opinion and Order, ECF No. 594 at 1–9.

September 19, 2025, the Court ordered Plaintiff to submit revised invoices excising time spent on seeking to hold in contempt of court Respondents Nexhmije Nezaj, Muharrem Memishaj, and Adem Brija.  (Order, ECF No. 603.)  On September 22, 2025, Plaintiff filed the responsive memorandum.  (Pl.'s Suppl. Mem., ECF No. 604.)

The Court has considered the parties' submissions and awards Plaintiff $323,482.50 in reasonable attorneys' fees and $11,554.76 in costs, for a total of $335,037.26.

**LEGAL STANDARD**

District courts have "considerable discretion" in determining a reasonable award of attorneys' fees.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  In exercising this discretion, the Court is guided by the framework set forth by the Court of Appeals for the Second Circuit.  The Court begins by calculating the lodestar.  "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'"  *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill*, 522 F.3d at 183).  The determination of the reasonable hourly rate and the number of hours reasonably expended is necessarily a case-specific inquiry that incorporates factors such as the novelty and complexity of the questions presented by the case and the experience and reputation of counsel.  *Id.*  The Court may adjust the lodestar only in those rare circumstances "when [the lodestar] does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).  In making these calculations, "trial courts need not, and indeed should not, become green-eyeshade accountants[,]" and should seek "to do rough justice, not to achieve auditing perfection."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  "[T]he

fee applicant bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## DISCUSSION

### I. Attorneys' Fees

Plaintiff seeks attorneys' fees for work completed by three legal professionals from the law firm Mandelbaum Barrett PC ("Mandelbaum"): partner Joel G. MacMull, partner Brian M. Block, and mid-level associate Austin W.B. Hilton.

### A. Reasonable Hourly Rates

To determine a reasonable hourly rate, courts generally use "the hourly rates employed in the district in which the reviewing court sits." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (citation omitted). Those hourly rates are the rates "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 208 (2d Cir. 2005) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The court also considers "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted). Particularly in cases with private counsel, courts in this District have recognized that "an attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of a reasonable hourly rate." *Doe I v. E. Side Club, LLC*, No. 18-CV-11324, 2023 WL 4174141, at *6 (S.D.N.Y. June 23, 2023) (Failla, J.) (collecting cases); *see also Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001).

1. **Partners MacMull and Block**

For work completed in 2024, Plaintiff seeks reimbursement at rates of $625 per hour for MacMull and $550 per hour for Block. (MacMull Aug. 21, 2025 Decl. ¶¶ 6, 9, ECF No. 595-1.) For work completed in 2025, Plaintiff seeks reimbursement at higher rates to account for regular yearly rate increases: $675 per hour for MacMull and $625 per hour for Block. (*Id.*)

MacMull is a partner in Mandelbaum's Litigation Department and Chair of the Intellectual Property, Brand Management and Internet Law Group. As of 2025, MacMull has twenty years of legal experience specializing in patent, trademark, and torts of competition work. (*Id.* ¶ 4.) Block is also a partner in Mandelbaum's Litigation Department, with eleven years of legal experience as of 2025. (*Id.* ¶ 8.) Both MacMull and Block represented Plaintiff in the prior contempt proceedings, for which this Court awarded reasonable attorneys' fees and costs in April 2022. (*See* Op. & Order, ECF No. 395.)

Defendants do not challenge the reasonableness of any of the hourly rates that the Mandelbaum partners charged while working on this case. (Defs.' Opp'n at 4–7; Pl.'s Reply at 1.) The Court finds that the hourly rates sought for MacMull and Block are well within the range of prevailing market rates for intellectual property litigation in the Southern District of New York. Courts in this district have held that rates between $400 per hour and $750 per hour were reasonable for partners in New York City who specialized in intellectual property, trademark, and copyright law. *McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22-CV-1138, 2023 WL 4422495, at *3 (S.D.N.Y. July 10, 2023) (Woods, J.) (collecting decisions that approved rates ranging from $400 to $750 per hour for attorneys of similar qualifications and skill); *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, No. 13-CV-1526, 2020 WL 2848232, at *6 (S.D.N.Y. June 1, 2020) (Sullivan, J.) (capping a partner's hourly rate at $750 after collecting

cases that found the reasonable range of hourly rates under similar circumstances to be between $400 and $750 an hour).[2]

Counsel from Mandelbaum skillfully briefed and argued the contempt motion before the Court, presented testimony at an evidentiary hearing, and took depositions in response to the Court's directives. Because Plaintiff has provided sufficient information to convince the Court of MacMull's and Block's qualifications and experience, and Plaintiff agreed to pay counsel at those rates, the Court adopts as reasonable Plaintiff's requested rates of $625 per hour in 2024 and $675 per hour in 2025 for MacMull and $550 per hour in 2024 and $625 per hour in 2025 for Block.

### 2. Associate Hilton

Plaintiff seeks reimbursement for a discrete task completed by Hilton at a rate of $550 per hour. (MacMull Aug. 21, 2025 Decl. ¶ 12.) In December 2024, when Hilton spent 2.8 hours on the case, Hilton had approximately five years of legal experience. Plaintiff's counsel does not attest that Hilton has any particular experience in intellectual property law, and Hilton's involvement in the case was limited to research concerning attorney-client privilege. (Jan. 2025 Invoice, ECF No. 595-2.)

The rate sought for Hilton's work exceeds the hourly rates typically approved for mid-level associates in intellectual property cases in this District. "With respect to associates' rates, courts in the Southern District have generally found hourly rates of $200 to $450 to be reasonable in copyright cases." *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, No. 13-CV-1526, 2020 WL 2848232, at *7 (S.D.N.Y. June 1, 2020) (Sullivan, J.) (approving associate

---

[2] After accounting for inflation, a range of $400 to $735 in April 2014 dollars equate to $546.63 to $1,004.43 in August 2025 dollars, the most recent month for which data is available. *See CPI Inflation Calculator*, U.S. Bureau of Lab. Stat., https://www.bls.gov/data/inflation_calculator.htm.

rates up to $465 per hour in a copyright case); *see also McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22-CV-1138, 2023 WL 4422495, at *3 (S.D.N.Y. July 10, 2023) (Woods, J.) (finding associate hourly rates up to $425 on the "upper end," but still reasonable); *Nwosuocha v. Glover*, No. 21-CV-04047, 2025 WL 560846, at *6 (S.D.N.Y. Feb. 20, 2025) (finding hourly rates between $375 and $450 for associate to be reasonable)

Hilton's hourly rate seems high when compared to other more experienced attorneys' rates in this case. For instance, Block was a partner at the firm in 2024, at that point having ten years' experience and billing an hourly rate of $550. (MacMull Aug. 21, 2025 Decl. ¶ 9.) In comparison, Hilton was admitted to practice law only in 2019, giving him approximately 6 years of experience. That an associate with almost half the amount of years' experience would bill the same hourly rate as a partner with nearly twice as much experience seems excessive. Even more, Hilton's "limited role" in this case was "confined" to a single legal research issue that arose in this matter. (*Id.* ¶ 11.) This is hardly the same breadth of responsibility that Block bore throughout the case, factoring into justifying his hourly rate. (*Id.* ¶8.)

For these reasons, the Court finds that the reasonable hourly rate for Hilton is $450 per hour.[3]

## B. Reasonable Number of Hours

Plaintiff seeks reimbursement for 523.6 hours of work completed in connection with the motion for contempt. (*See* MacMull Aug. 21, 2025 Decl. ¶ 14; Pl.'s Suppl. Mem. at 3.) In determining the reasonableness of the hours billed for a particular case, the district court may consider factors such as "[t]he novelty and complexity of [the] case." *Millea*, 658 F.3d at 167 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). The court should "exclude

---

[3] The Court notes that Plaintiff does not seek reimbursement for work completed by paralegal Alexa Tierney.

excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims," but may award fees "for unsuccessful claims as well as successful ones . . . where they are 'inextricably intertwined' and 'involve a common core of facts or are based on related legal theories.'" *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (quoting *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996)).

The hours expended by Plaintiff's counsel were reasonable in light of the complicated nature of the contempt proceedings, including the number of Defendants and Respondents involved, the various parts of the Injunction that were violated, and the amount of time required to be spent in countering specious arguments by defendant Frank Brija. Counsel for corporate Defendant I.O.B. Realty, Inc. challenges the number of hours, arguing that Defendant should be held liable for only forty percent of the claimed attorneys' fees in Plaintiff's August 2025 Fee Application, because much of that time was spent on the unsuccessful motion to hold Respondent Adem Brija in contempt. Although Plaintiff did not successfully establish liability as to three Respondents, the unsuccessful claims presented close questions that were factually and legally intertwined with those posed by the successful claims. Moreover, in response to the Court's September 19, 2025 Order, ECF No. 603, Plaintiff's counsel submitted a supplemental fee application excising time and costs explicitly referring to the Respondents whom the Court did not hold in contempt, further reducing the fees and costs for which Plaintiffs now seek reimbursement.

The Court includes in its award the compensation requested for time spent preparing Plaintiff's applications for attorneys' fees and costs, often labeled a "fees on fees" award. Although "courts in this Circuit have not been uniform in their allowance of 'fees on fees,'" *Comm'ns Imp. Exp. S.A. v. Republic of the Congo*, No. 19-MC-195, 2021 WL 4991716, at *7

7

(S.D.N.Y. Oct. 27, 2021) (Failla, J.), counsels' work pursuing attorneys' fees in this case was reasonable to undertake and is compensable.

The Court notes that Plaintiff complied with this Court's orders when preparing and submitting the original application and supplemental applications and documentation to assist the Court in determining the appropriate amount of fees and costs to award.

There is a minor instance in which time spent on an unsuccessful motion should have been excised: MacMull's time entry for October 8, 2024 reflects 0.3 hours spent on "attention to affidavits of service for Adem Brija and correspondence with process serve." The Court thus reduces the time attributable to MacMull by 0.3 hours.

Courts in this Circuit typically approve compensation for travel time at half the timekeeper's ordinary hourly rate. *See K.F. v. New York City Dep't of Educ.*, No, 10-CV-5465, 2011 WL 3586142, at *6 (S.D.N.Y. Aug. 10, 2011) (Castel, J.) Although Plaintiff's counsel properly billed travel at half-rate in most instances, the September 26, 2024 time entry for Block's travel billed at full rate. The Court thus reduces the 3 hours Block billed for travel on that date to 1.5 hours.

After making the aforementioned adjustments, the Court finds that the following number of hours was reasonably expended: 347.5 hours by MacMull, 171.5 hours by Block, and 2.8 hours by Hilton.

### C. Attorneys' Fees Awarded

As shown below, multiplying the reasonable hourly rate for each Mandelbaum timekeeper by the number of hours he reasonably expended generates a lodestar value of $323,482.50.

8

| Timekeeper | Reasonable Hourly Rate | Hours Reasonably Expended | Fees Awarded |
|---|---|---|---|
| Joel G. MacMull (2024) | $625 | 203.2 | $127,000.00 |
| Joel G. MacMull (2025) | $675 | 144.3 | $97,402.50 |
| Brian M. Block (2024) | $550 | 124.9 | $68,695 |
| Brian M. Block (2025) | $625 | 46.6 | $29,125 |
| Austin W.B. Hilton | $450 | 2.8 | $1,260 |
| TOTAL | – | 521.8 | $323,482.50 |

This litigation does not present a rare circumstance in which it is appropriate to adjust the presumptively reasonable fee upward or downward based on factors that are not considered in calculation of the lodestar. Defendants do not contend that they face financial hardship or are otherwise unable to pay attorneys' fees and costs. (*See* Aug. 15, 2025 Op. & Order, at 33.) The Court therefore awards Plaintiff $323,482.50 in attorneys' fees.

## II.  Costs

In addition to attorneys' fees, Plaintiff seeks an award of $10,947.99 for costs it incurred in litigating the motion to hold Defendants and Respondent Roffe in contempt. Plaintiff has taken care to excise costs associated with the unsuccessful motion to hold Respondents Nezaj, Memishaj, and Adem Brija in contempt, such as associated service of process and deposition costs. Plaintiff seeks reimbursement for the following costs:

| Cost Type | Revised October Application | August Application | Fees Awarded |
|---|---|---|---|
| Investigation Fees | $3,072.49 | – | $3,072.49 |
| Legal Research (Westlaw) | $1,969.19 | $1,884.90 | $3,854.09 |
| SDNY Reporter (Transcripts) | $573.80 | $196.70 | $770.50 |

| | | | |
|---|---|---|---|
| FedEx Shipping (Courtesy Copies) | $185.99 | $138.09 | $324.08 |
| DGR Legal Delivery (Service Fees) | $355.80 | – | $355.80 |
| Photocopying & Printing | $297.00 | $381.50 | $678.50 |
| Attorney Travel | $63.30 | – | $63.30 |
| Everlaw (Document Review) | $36.00 | $300.00 | $336.00 |
| Roffe Deposition | – | $2,100.00 | $2,100.00 |
| **TOTAL** | **$6,553.57** | **$5,001.19** | **$11,554.76** |

ECF Nos. 595-2, 604-2.

Awards of attorneys' fees and costs "include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Only those costs necessary to the representation of a client and substantiated by the requesting party may be recovered. *Hernandez v. JRPAC Inc.*, No. 14-CV-4176, 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017) (Engelmayer, J.).

The costs Plaintiff seeks to recover were reasonably necessary to counsel's representation. The categories of costs detailed above are regularly included as part of attorneys' fees awards in this Circuit. *See, e.g.*, *Inter-Am. Dev. Bank v. Venti, S.A.*, No. 15-CV-4063, 2016 WL 642381, at *8 (S.D.N.Y. Feb. 17, 2016) (Engelmayer, J.) (legal research costs compensable if charged to the requesting party); *MSC Mediterranean Shipping Co. S.A. v. Airlift Marine Servs. PVT Ltd.*, No. 18-CV-10788, 2022 WL 123589, at *10 (S.D.N.Y. Jan. 13, 2022) (Cronan, J.) (transcript costs and travel expenses); *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 163 (E.D.N.Y. 2016) (trademark investigation fees); *Reisman v. Ne. Power & Gas LLC*, 720 F. Supp. 3d 279, 295 (S.D.N.Y. 2024) (Schofield, J.) (FedEx charges).

10

Plaintiff has substantiated each charge with a line item on a contemporaneous invoice from Mandelbaum. Accordingly, the Court awards Plaintiff costs of $11,554.76 in full.

## CONCLUSION

For the foregoing reasons, the Court awards Plaintiff reasonable attorneys' fees of $323,482.50 and costs of $11,554.76 in costs, for a total award of $335,037.26. Defendants shall pay Plaintiff the total award amount by November 28, 2025. Plaintiff shall certify in writing to the Court when it has received the required payments.

The Clerk of Court is respectfully directed to close any pending motions as moot and to close the case.

SO ORDERED.

Dated: New York, New York
October 28, 2025

                                                         /s/ Kimba M. Wood
                                                         KIMBA M. WOOD
                                                     United States District Judge